## Board of Drainage Commissioners of Fulton County v. Board of Levee Commissioners of Fulton County.

(Decided May 13, 1921.)

## Appeal from Fulton Circuit Court.

1. Levees—Levee Commissioners.—The provisions of the act of 1902 as amended with reference to levee commissioners, being section 2417b, vol. 3, Kentucky Statutes, were not repealed by subsection 7 of the drainage act of 1912, which is section 2380, Kentucky Statutes.

2. Levees—Construction of Levees.—The general drainage laws for reclamation of wet lands by ditches, drains, levees, etc., sections 2380 and 2380b, Kentucky Statutes, do not conflict with or supersede the law, section 2417b, vol. 3, Kentucky Statutes, which authorizes the construction of levees along navigable streams in connection with the federal government.

3. Levees—Levee Commissioners.—The levee commissioners of a county appointed and holding office under the act of 1902 as amended in 1908, 1914 and 1918, do not cease to exist as such and surrender control of the levee constructed under that act, by proceeding under the 1918 amendment, section 2417b-20, vol. 3, Kentucky Statutes, in the county court to obtain power to levy and collect additional revenues with which to maintain and repair the levee.

4. Statutes—Local or Specal Legislation.—The levee law of 1902 as amended in 1908, 1914 and 1918, now section 2417b (1-25), vol. 3, Kentucky Statutes, is not violative of section 59 of the Constitution, which prohibits the enactment of local or special acts where a general law can be made applicable.

5. Counties—Classification by Legislature.—The exclusion of counties having more than 200,000 population from the provisions of a law authorizing the construction of levees along navigable streams, is not an unreasonable classification by the legislature.

B. T. DAVIS for appellants.

W. J. WEBB and ROBBINS & ROBBINS for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

We held in Board of Drainage Commissioners of McCracken County, etc., v. Lang, Judge, et al., 187 Ky. 123, that the drainage act of 1912 as amended, being section 2380 (1-49a), and the 1918 drainage act, being section 2380b (1-16), Kentucky Statutes, are independent optional systems or general laws for the reclamation of wet lands. Drainage districts established in any county under either of these laws are by the provisions thereof

managed by boards of "drainage commissioners" appointed by the county judge.

No drainage district had been established in Fulton county under either of these drainage laws prior to this litigation and consequently there was no board of drainage commissioners for that county; but there has existed in Fulton county for many years a board of levee commissioners appointed under an entirely different law enacted in 1902, and amended at the 1908, 1914 and 1918 sessions of the legislature, now sec. 2417b (1-25) vol. 3, Kentucky Statutes. The authority of this board of levee commissioners to operate and maintain a large levee that protects about 30,000 acres of land in that county from overflow by the Mississippi river and to levy and collect an *ad valorem* tax not to exceed fifty cents on the one hundred dollars on all property protected by the levee, was recognized in Board of Levee Commissioners v. Johnson, decided December 11, 1917, and reported in 178 Ky. 287 where may be found a complete history of the legislation under which that board was created as well as a definition of its powers. It was there held that the board of levee commissioners was without power to levy more than the fifty cents *ad valorem* tax authorized by the act of 1908; and that the provision of the 1914 act permitting an acreage tax to raise additional revenues needed to maintain the levee was in violation of the due process of law guarantees of the state and federal constitutions and therefore void.

To meet this situation the legislature at its 1918 session, which began within a few weeks after the Johnson opinion was handed down, enacted an act amending the 1914 act so as to provide a means for raising additional revenues whenever needed to maintain and keep in repair such a levee as the one then under the control of the board of drainage commissioners of Fulton county. Pursuant to the provisions of that act the appellee instituted this proceeding in the county court of Fulton county, and the principal question presented by this appeal is whether as a result of this action the management of this levee district must hereafter be with a board of drainage commissioners appointed under one or the other of the two alternative drainage laws heretofore referred to or shall remain as

heretofore with the board of levee commissioners under the act of 1902 and its amendments.

1.    It is first contended by the appellant that so much of the act of 1902 as amended in 1908 as provides for the appointment of levee commissioners was repealed by subsection 7 of the 1912 drainage act which so far as applicable, reads:

"In all counties in this state where a public ditch, drain, levee or other improvement of similar character shall have been established under pre-existing laws or may hereafter be established under this act, it shall be the duty of the county judge to appoint a drainage commissioner of the county who shall have charge and control of all such public ditches, drains, levees and similar improvements in such county, except as otherwise provided."

Counsel, however, has overlooked the "except as otherwise provided," the manifest purpose of which was to exclude from the operation of the comprehensive language of this provision, such levees as were under the control of boards of levee commissioners. No other possible meaning can be ascribed to the exception and this meaning is in harmony with subsequent acts of the legislature. In 1914, two years after the enactment of this provision which appellant contends abolished the offices of levee commissioners, the legislature re-enacted and amended the laws of 1902 and 1908 with reference to levee commissioners and granted them larger powers than theretofore was possessed by them. Not only so but the last amendment, being chapter 175 of the 1918 acts, and subsection 20 of section 2417b, vol. 3, Ky. Stats., under which this proceeding was brought recognizes the continued existence of levee commissioners. It is therefore clear that there is no merit in the contention of appellant that the offices of all levee commissioners were abolished by the act of 1912.

2.    It is next insisted by counsel for appellant that by the terms of the amendatory act of 1918 the further management of a levee district is necessarily transferred to the county board of drainage commissioners whenever the levee commissioners attempt to avail themselves of the provisions of that act. It is conceded by counsel in this division of his brief that the appellees as levee commissioners for the county could have continued in the management of this levee had they been content to con-

tinue under the old law which limited them to the collection of an *ad valorem* tax of fifty cents on the one hundred dollars; but it is insisted that when they attempted to obtain the power to increase the tax rate as provided for in this act they necessarily lost control of the district and ceased to exist as a board of commissioners. This if true would be a rather peculiar sequel to an attempt to procure increased powers, which was the purpose of the appellee in filing this action and which we are sure was in accord with the purpose of the legislature in enacting the 1918 amendment to the levee law. This amendment was enacted at the same session and after the 1912 drainage act had been perfected by amendment and the 1918 drainage act had been enacted. This fact alone is most persuasive that the legislature did not consider· that either or both of these drainage laws repealed or impaired any· of the provisions of the levee law although each of those acts refers to levees in connection with drains, ditches, etc.

The last sentence in the last section of the act, now section 2417b-25, vol. 3, Kentucky Statutes, reads:

"This act shall apply only to the construction, reconstruction, enlargement and repair of levees which have or may receive government aid."

The title to the act of 1918 under which this proceeding was instituted reads as follows:

"An Act to amend and re-enact sections 18 and 20 of the act approved March 17, 1914, entitled an act relating to the establishment, protecting and building of levees for the public benefit, which appears on page 71 of the Acts of the General Assembly of the Commonwealth of Kentucky, 1914, providing, for making assessments against lands, protected by levees, for the purpose of raising money to pay the principal and interest, on bonds and other liabilities of the district and levee commissioners, which now exist or may hereafter be incurred, and providing for the reconstruction, repair and maintenance of levees heretofore constructed, *for which the general laws of Kentucky pertaining to drainage of lands may not be applicable.*"

If there were otherwise any doubt about the matter these two provisions as well as others to which we might call attention make it perfectly clear that the legislature not only did not consider the two general laws pertaining to the drainage of lands by ditches, etc., as applicable to

levees established under the 1902 act and its amendments with the aid of the federal government, but was careful to make express provision that they should not conflict therewith in any way. With this legislative purpose in mind let us now consider the terms of the 1918 amendment to the levee law which appellant insists transferred the management of this levee from appellee to it. This is section 2 of the act and section 2417b-20, vol. 3, Ky. Stats., which reads:

"That whenever it may be necessary in order that the board of levee commissioners may have sufficient funds to enable them to pay the interest and principal of any bonds heretofore issued, or any liability that may have been incurred necessary in the reconstruction, repair or maintenance of any public levee, (or may hereafter incur) heretofore constructed in the state of Kentucky, but not under the general laws of the state pertaining to drainage of lands and for the purpose of reconstructing, repair or maintenance of any public levee heretofore constructed, but not under the general laws of Kentucky pertaining to drainage of lands, the said board of levee commissioners of the county or any landowners benefited by the reconstruction, enlargement, repair or maintenance of such public levee, may proceed in the county court of the county in which such levee commissioners have been appointed to have the lands benefited by such reconstruction, enlargement, repair or maintenance, classified and formed into a district and assessments made against them for the purpose of paying the interest and principal of any liability heretofore incurred, or which may hereafter be incurred, by any reconstruction, repair or maintenance of such public levee, in the same manner as provided in the general laws of Kentucky pertaining to drainage of lands, as in original proceedings, for the construction of all levees, ditches, drains or canals.

"Provided, a proceeding to have the lands protected by such levee assessed for the repair or maintenance of such levee for the current year, shall be sufficient authority in the board of levee commissioners to make an assessment of a like amount, against the land in the district protected by the said levee, annually thereafter, and of such a lesser amount as may be necessary in their discretion in any year thereafter, to repair and maintain such levee; and, Provided that for the reconstruction and en-

largement of such public levee, when the cost thereof cannot be paid out of annual assessments made for the repair or maintenance of such levee, as hereinbefore set out, original proceedings may be had to classify the land benefited by such reconstruction or enlargement and form the same into a district and make assessments against the land so benefited for the cost thereof as often as may be necessary."

Counsel argues that since under the general drainage laws the management of the drainage districts is by boards of drainage commissioners and this proceeding is directed to be conducted in the county court "in the same manner as provided in the general laws of Kentucky pertaining to drainage of lands, etc.," that the general drainage laws must be followed to the letter and to the extent of referring the district when formed thereunder to a board of drainage commissioners as in that law provided. But clearly this argument is unsound since obviously the legislature was merely prescribing an established method of legal procedure by which the "board of levee commissioners" could obtain needed revenues to carry out the peculiar purpose for which it was specially adapted, by reason of its powers to act in conjunction with federal officers in constructing and maintaining levees along the navigable streams within and on the borders of the state; and which powers boards of drainage commissioners do not possess. Indeed the very language of the act quoted above precludes such a construction as contended for since it is provided that an authority granted in any year "shall be sufficient authority in the *board of levee commissioners* to make an assessment of a like amount . . . annually thereafter." Then too such a construction would wholly ignore the legislative intent, made plain throughout all of these enactments, to maintain a separate and distinct method and machinery of control and management for reclamation projects by levees constructed in connection with the federal government; and for which there is a most obvious and satisfactory reason.

Hence we conclude appellant's second contention is also without merit.

3. Appellant's last insistence is that the levee law is violative of section 59 of the state constitution which provides that the General Assembly shall not pass local or special acts for many named purposes and that "in all

other cases where a general law can be made applicable no special law shall be enacted.''

It so happens that this levee district is the only one that has ever been formed under this law, but that fact does not make the law local or special.   It is by its terms applicable to and available in every county in the state having less than 200,000 population where a levee along a navigable stream under federal control may be needed, and the fact that only one county falls within or has accepted its provisions is immaterial.   Johnson, etc., v. City of Fulton, 121 Ky. 594.   Nor does the fact that the act provides it shall not apply in counties having more than two hundred thousand population render it violative of the constitutional inhibition against local or special legislation, unless this is an unreasonable and arbitrary classification with reference to the purpose of the act. As said in Hodge v. Bryan, 149 Ky. 110, quoting from Sutherland's Statutory Construction:

''It is agreed on all hands that the Constitution does not forbid a reasonable and proper classification of the objects of legislation.''

And while population is not always a legitimate basis for classification as was pointed out in James, Auditor, v. Barry, 138 Ky. 656, it is usually so held.

It was truly said in Safety Building & Loan Co. v. Ecklar, 106 Ky. 115, 50 S. W. 50, that:

''The true test whether a law is a general one in the constitutional sense is not alone that it applies equally to all in a class, although that is also necessary, but in addition there must be distinctive and natural reasons inducing and supporting the classification.''

We know judicially there is but one county in the state, Jefferson, having a population exceeding 200,000 and that most of the lands adjacent to the only navigable stream therein are covered by the city of Louisville, devoted to other than agricultural purposes, and already drained in such a way as necessarily would render the provisions of this act inapplicable thereto.   This fact alone it seems to us furnishes a sufficient reason to support the classification or at least to prevent us from overriding the legislative judgment in the matter, since this we may never do unless it is manifestly arbitrary and unjust.   Williams v. Nall, 108 Ky. 21; Hodge v. Bryan, *supra.*

Wherefore the judgment is affirmed.