## Withers v. Board of Drainage Com'rs of Webster County.

(Decided Nov. 23, 1937.)

WITHERS, LISMAN & WITHERS for appellant.

C. W. BENNETT for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Proceeding on the theory that section 2380-39, Kentucky Statutes 1930, 1936, is invalid, the Board of Drainage Commissioners of Webster County made an assessment against the land of G. L. Withers for maintenance purposes equal to 10 per cent. of the original assessment for the construction of the ditch. The action of the board was sustained by the Webster circuit court, and Withers appeals.

For several years prior to 1928, the Board of Drainage Commissioners of each county was authorized to make an assessment for maintenance purposes not exceeding 10 per cent. of the original assessment for the establishment and construction of the ditch. Kentucky Statutes, 1922, sec. 2380-39. The foregoing section was repealed and amended by an act approved March 19, 1928, Acts 1928, c. 1, p. 1, section 2380-39, Kentucky Statutes 1930, providing in substance that, in counties where there are 75 or more drainage districts having a cost construction of $1,000,000 or more, the assessment for maintenance purposes should not exceed 10 per cent. of the original assessment, but in all other counties the assessment should not exceed 6 per cent. for the first year after the construction, 5 per cent. for the second year, 4 per cent. for the third year, 3 per cent. for the fourth year, and 2 per cent. for the fifth year. The foregoing act was amended and repealed by an act which became a law in 1932, Acts 1932, c. 4, p. 13, sec. 1, Kentucky Statutes 1936, sec. 2380-39, providing in substance that, in counties where there are 75 or more drainage districts having a cost construction of $1,000,000 or more, the assessment for maintenance purposes should not exceed 10 per cent. of the original as-

sessment, and that in all other counties the assessment should not exceed 2 per cent. of the original assessment, unless consent in writing was first obtained from the owners of two-thirds of the land affected, and in no event should the assessment exceed 10 per cent. of the original assessment.

The principal ground of attack on the 1928 and 1932 acts is that they offend sections 59 and 60 of our Constitution forbidding the enactment of special and local acts. It is true that the foregoing sections of our Constitution, like the Fourteenth Amendment to the Federal Constitution, do not forbid classification based on reasonable and natural distinctions, Jones v. Russell, 224 Ky. 390, 6 S. W. (2d) 460, but the rule is otherwise where the classification is manifestly so arbitrary and unreasonable as to impose a burden upon, or exclude one or more of a class without reasonable basis in fact. Shaw v. Fox, 246 Ky. 342, 55 S. W. (2d) 11; Commonwealth v. Griffen, 268 Ky. 830, 105 S. W. (2d) 1063. The question is, Under which rule does the act of 1932 fall? Appellant relies upon Board of Drainage Commissioners of Fulton County v. Board of Levee Commissioners, 191 Ky. 470, 230 S. W. 959, upholding a levee act excluding from its operation counties having a population of more than 200,000. An examination of that opinion will disclose that the classification was upheld on the ground that Jefferson was the only county in Kentucky having a population of more than 200,000, and that the greater portion of the land adjacent to the only navigable stream therein was covered by the city of Louisville, devoted to other than agricultural purposes, and already drained in such a way as to render the provisions of the levee act inapplicable, thus presenting a case where there were distinctive and natural reasons inducing and supporting the classification. Taking up the case in hand we find the following situation: Daviess is the only county in the state in which there are 75 or more drainage districts having a cost construction of $1,000,000 or more, with the result that the assessment for maintenance purposes in that county may equal 10 per cent. of the original construction, whereas in all other counties in the state the maintenance assessment is limited to 2 per cent. of the original construction, in the absence of the consent of two-thirds of the owners of the land affected. It is difficult to find any basis whatever for this distinction. In the very nature of things each ditch is a unit unto itself, and the cost of

its maintenance depends upon the conditions peculiar to it, and not upon the number of ditches in the county or the aggregate cost thereof. Not only so, but in cases, where a ditch runs from Daviess County into an adjoining county, we have the anomalous situation of a limit of 10 per cent. in Daviess County, and, in the absence of the written consent of the owners of two-thirds of the land affected, a limit of only 2 per cent. in the other county, although that portion of the ditch might require a larger expenditure than the Daviess part to keep it in proper repair. We are therefore constrained to hold that the classification in both the 1928 act and the 1932 act is so arbitrary and unreasonable as to render both acts invalid in so far as they deal with assessments for maintenance purposes, thus leaving in force that portion of section 2380-39, Kentucky Statutes 1922, fixing the limit for maintenance purposes at 10 per cent. of the assessment for the original establishment and construction of the ditch. It follows that the assessment of 10 per cent. on appellant's land was within the power of the board, and that the judgment upholding the assessment is correct.

Judgment affirmed.

Whole court sitting.