### Fischer v. Grieb, Clerk of County Court.

(Decided Feb. 15, 1938.)

WOODWARD, DAWSON & HOBSON and A. SCOTT HAMILTON for appellant.

LAWRENCE S. GRAUMAN and STUART E. LAMPE for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Henry Fischer applied to John P. Grieb, clerk of the county court of Jefferson, for a "Farmer's Truck" license, and tendered the statutory fee, $4.50. Grieb refused to issue the license, and thereupon Fischer brought this action to compel him to do so. From a judgment sustaining a demurrer to, and dismissing, the petition, Fischer appeals.

Section 2739g-2d, Kentucky Statutes, after fixing registration fees for trucks according to their capacity, contains the following provision:

"Providing that any person who applies for the registration of a truck having a capacity of three thousand pounds or less, in addition to the requirements to secure registration for said truck, files with the county court clerk an affidavit stating that he is a farmer solely engaged in the production of crops, livestock or dairy products, and that he owns a truck of the capacity of three thousand pounds or less, and that he has caused to be printed upon each side of the bed of said truck the words, 'Farmers Truck,' in red letters not less than three (3) inches in height, and that said truck for the next twelve months shall not be used in the transporating* of anything for hire but is to be used only in transporting persons, food, provender, feed and machinery used in operating his said farm and the products grown upon said farm, and for no other pur-

*So in the printed acts.

pose; then, in that event said person shall be permitted to register said truck and shall be charged therefor only four dollars and fifty cents ($4.50).''

According to the petition, appellant owns and operates a farm in Jefferson county, and in connection with the farm he owns and operates a truck of less than 3,000 pounds capacity, which is used solely and exclusively in transporting persons, food, provender, feed, and machinery used in operating said farm, and the products grown upon said farm, and for no other purpose. Prior to the institution of the action he filed with the county clerk of Jefferson county an affidavit stating that he owned a truck of 3,000 pounds or less, and had caused to be printed upon each side of the bed of said truck the words ''Farmer's Truck'' in red letters not less than three inches in height, and that said truck for the next twelve months was not to be used in the transportation of anything for hire, but was to be used only in transporting persons, food, provender, feed, and machinery used in operating said farm, and the products grown on said farm, and for no other purposes. It will be observed that appellant complied with the statute in every respect, with the exception that he did not allege in his affidavit that he was a ''farmer, solely engaged in the production of crops, livestock, or dairy products,'' etc. Counsel for appellant insists that, in order to uphold the statute, it should be interpreted to apply to all trucks coming within its requirements, regardless of the occupation of the owner, while counsel for appellee contends that the purpose of the Legislature was to give a preferred classification to one who, in the past years, had a very difficult time in making a decent living out of his sole occupation, and that to construe the statute as applying only to one ''solely engaged in the production of crops, livestock or dairy products'' would not affect the validity of the statute. Our Bill of Rights solemnly declares:

''All men, when they form a social compact, are equal; and no grant of exclusive, separate public emoluments or privileges shall be made to any man or set of men, except in consideration of public services.''

Constitution, sec. 3.

It also provides:

"To guard against transgression of the high powers which we have delegated, we declare that everything in this Bill of Rights is excepted out of the general powers of government, and shall forever remain inviolate; and all laws contrary thereto, or contrary to this Constitution, shall be void."

Constitution, sec. 26.

In addition to these provisions of our own Constitution, we have the Fourteenth Amendment to the Federal Constitution declaring that no state shall deny to any person within its jurisdiction the equal protection of the laws. These provisions distinguish our government from governments based on favoritism, and their adoption was the greatest forward step in the development of the science of government. Their purpose was to place all persons similarly situated upon a plane of equality under the law, and to fix it so that it would be impossible for any class to obtain preferred treatment, or for those in power to grant governmental favors in return for political support. It is true that the foregoing provisions do not forbid classification based on reasonable and natural distinctions, but the rule is otherwise where the classification is manifestly so arbitrary and unreasonable as to impose a burden upon, or exclude one or more of a class without reasonable basis in fact. Withers v. Board of Drainage Commissioners of Webster County, 270 Ky. 732, 110 S. W. (2d) 664. In view of the constant effort of classes and political blocs to obtain special privileges from the government, there is constant danger that the doctrine of classification may be carried so far as practically to nullify the constitutional provisions.

In Continental Baking Company v. Woodring, 286 U. S. 352, 52 S. Ct. 595, 596, 76 L. Ed. 1155, 81 A. L. R. 1402, there was involved the validity of a license tax exempting from its operation, "The transportation of live stock and farm products to market by the owner thereof or supplies for his own use in his own motor vehicle." The act was upheld on the ground that the Legislature, in making its classification, was entitled to consider frequency and character of use, and to adapt its regulations to the classes of operations, which, by reason of their habitual and constant use of the highways, brought about the conditions making regulation imperative, and created the necessity for the imposition of a

tax for maintenance and reconstruction. In Hicklin v. Coney, 290 U. S. 169, 54 S. Ct. 142, 144, 78 L. Ed. 247, the Supreme Court had before it the exemption from a license fee imposed by a state on private contract carriers by a motor vehicle, "of 'farmers and dairymen, hauling dairy and farm products,' " and the classification was upheld on the ground that the exemption was construed by the state court to refer only to one whose principal business was that of a farmer or dairyman, and further construed by the state commission in enforcing the statute to apply only to farmers and dairymen who occasionally and not as a regular business transported farm and dairy products for compensation; the court saying:

"We cannot say that a classification based on such a use of the highways is an arbitrary one and thus encounters constitutional objection."

It will thus be seen that statutes classifying license fees on trucks of the same weight and capacity according to ownership are upheld, not on the ground that one class of owners is entitled to preferred treatment, but on the ground of the difference in use and the consequent difference in the destructiveness to the highway.

Here appellant, though engaged in another business separate and distinct from his farm, proposes to make precisely the same use of his truck as a farmer who has no other business or employment. If he be not entitled to a "Farmer's Truck" license, then for the same reason a bank clerk, a deputy sheriff, a county superintendent, a doctor, a lawyer, and every other person operating a farm and doing something else having no connection with his farm, and not requiring the use of a truck, is not entitled to such a license. In short, the result will be that a large number of persons, whose situation with respect to their farming operations and the use of their trucks is precisely the same as that of the farmer who has no other business or employment, will be denied the same privilege that is accorded him. It is unnecessary to determine whether that construction of the statute will render it unconstitutional. It will certainly raise a grave and doubtful constitutional question, and will not be adopted if some other construction is open. Shannon, Auditor v. Heringer, 271 Ky. 248, 111 S. W. (2d) 603. In order to obtain a "Farmer's Truck" license it is necessary that the appli-

cant file an affidavit stating that he is "a farmer solely engaged in the production of crops, livestock or dairy products * * * and that said truck for the next twelve months shall not be used in the *transportating** of anything for hire but is to be used only in transporting persons, food, provender, feed and machinery used in operating his said farm and the products grown upon said farm, and for no other purpose."

Looking at the statute as a whole, we think it fairly susceptible of the interpretation that the applicant as a farmer, and in the operation of his farm, shall be solely engaged in the production of crops, livestock, and other dairy products thereon, and shall not conduct any other business on his farm. This will exclude the farmer who operates a rock quarry, a grocery, a garage, or any other business on his farm. It does not exclude the farmer who, though engaged solely in the production of crops, livestock, or dairy products on his farm, has some other business wholly separate and distinct from his farm. It follows that on the showing made appellant is entitled to a "Farmer's Truck" license, and the demurrer to the petition should have been overruled.

Judgment reversed, and cause remanded for proceedings not inconsistent with this opinion.

*So in the printed acts.