## Burrow, Commissioner of Industrial Relations, et al. v. Kapfhammer.

Dec. 13, 1940.

William B. Ardery, Judge.

754

Hubert Meredith, Attorney General, A. E. Funk, Assistant Attorney General, and Phillip P. Ardery for appellants.

Kammerer & Hatton and Robert E. Hatton for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The General Assembly of the Commonwealth at its 1940 session enacted Chapter 105, page 414 of the Session Acts for that year, and which is now carried in Baldwin's 1940 Supplement to Carroll's Kentucky Statutes as Sections 1599c-4 to and including 1599c-40. All emphasis herein is ours. The general subject dealt with as stated in the title to the act is: "An Act relating to employer-employee relations." That general statement is followed by a list of specifications detailing the various phases of that relationship to which the statute is intended to apply, including definitions of terms, etc. Subdivision (h) of Section 1 of Article I says: " 'Domestic Work' means all work performed by persons in homes, residences, hotels and apartment houses, such as cleaning, waiting on tables, washing dishes, cooking, answering calls of guests and waiting upon them, and general house and *hotel* work." Section 17 of the same article enacts inter alia that: "Every employer who requires or permits any employee to work seven days in any one work week at any time, shall pay to such employee compensation or wages at the rate of time and a half for the time worked on the seventh day in each and every instance where the employee is required to work seven days in any one work week;" but with later following qualifications and with a long list of exempted employments, among which is *"domestic work."*

Article V also exempts certain enumerated activities from the provisions of the act by saying: "There is exempted and excluded from *all* of the provisions of this Act the following," etc. A part of the "following," as set out in subdivision (b) of that article there is ex-

empted "domestic work," which, as we have seen, is subdivision (h), Section 1 of Article I, embracing work performed by employees and servants "in homes, residences, *hotels* and apartment houses," and whose duties consist in keeping the premises of the employer cleaned, in waiting on tables, in washing dishes, cooking and answering calls of guests and in waiting on them "and general house and hotel work." So that, the operations of hotels—including dining apartments operated by them, and wherein the character of labor necessary to do so is rendered—are excluded from the operation of the act, although the same duties are performed by employees of independent restaurants who likewise engage in the business of feeding the public in the same manner and requiring the same character of necessary service as is required in connection with operating a hotel.

Plaintiff and appellee, Paul Kapfhammer, is and has been for quite a while engaged in operating an independent restaurant and bakery in the city of Louisville, Kentucky, and he filed this action in the Franklin circuit court against the administrative and enforcement officers of the act, asserting its invalidity, and particularly its Section 17 of Article I, since its provisions, as claimed, invaded a number of constitutional rights, guaranteed to him by both the Federal and our State Constitutions whereby the act is discriminatory against him and deprives him of his rights and property without due process of law, etc. The act is also attacked as violating Sections 51, 59 and 60 of our Constitution. The prayer of the petition was that Section 17, Article I, of the act be declared unconstitutional as being arbitrary and unreasonable, and in violation of Sections 1, 2, 13, 26, (all parts of our Bill of Rights) 51, 59 and 60 of our Constitution, and also the Fourteenth Amendment of the United States Constitution. The answer of defendants denied that the act violated any of the constitutional provisions referred to in the petition. The court upon submission of the cause upon the pleadings, including a demurrer to the petition, overruled the demurrer and then adjudged "That Section 17 of Article I of said Act, being codified as Section 1599c-20 of Carroll's Kentucky Statutes, 1940 Supplement, is unconstitutional as constituting an arbitrary and unreasonable classification." That declaration was followed by one enjoining defendants from enforcing the act as "against the

plaintiff, Paul Kapfhammer, and any and all other persons similarly situated.'' From that judgment defendants prosecute this appeal.

Learned counsel for plaintiff in the pleadings prepared for their client, as well as in their briefs filed in this court attack, as invalid—for the reasons set out supra—the validity of Section 17 of Article I of the act as applicable to all relationships of employer and employee in whatever activity to which its provisions apply, and which are not exempted from it. The trial court appears to have so determined when it held the entire section unconstitutional. But it will be observed that later in the judgment the court applied his injunction only against the enforcement of the act as against plaintiff and his business and to others similarly situated, i. e., those engaged in the same business. So that, the only enforcible judgment that the trial court rendered was one enjoining the enforcement of the act as against operators of independent restaurants because the set-up in the framework of the act, as we have pointed out, excluded from its provisions employees of hotels engaged in the same competitive business with plaintiff, and others similarly situated, and which was because the act excluded from its provisions ''domestic work,'' and later defined those words as embracing employees of hotels. So that, so far as relates to the specific judgment rendered by the trial court the only question before us is, whether or not the exclusion of hotels engaged in the restaurant, or dining room services rendered to the public, from the provisions of the law as made applicable to independent restaurants, is or not an arbitrary classification and, therefore, void?

In rendering this opinion that section of the court's judgment apparently declaring all of Section 17, Article I, invalid will be considered as modified so as to apply to the concrete case in hand, i. e., the business of operating an independent restaurant, and consider it from the standpoint of that limiting qualification. Moreover, it is extremely doubtful if plaintiff—who is entirely disinterested in other employments than his own, could raise the question as to the validity of the act as applicable to other occupations or activities in which he has no interest whatever, since in order to maintain this character of action there must not only be a controversy, but the parties are required to have some in-

volved interest in that controversy. We have, therefore, concluded to confine this opinion to a determination of the sole question as to whether or not the provisions of the act excluding operators of hotels in the relationship of employer and employee, although competing with independent restaurants and at the same time making the act applicable to the latter renders the classifications made as to such employment unreasonable and, therefore, invalid?

Perhaps no single principle of the law is more firmly settled oy the unanimous declaration of courts and text writers than (a) that it is competent for legislatures to classify subjects for legislation, provided (b) the classification is based upon reasonable grounds and is not arbitrary. Those propositions are so well and firmly rooted in the law as to render it unnecessary to fortify them by listing supporting cases or texts. However, some of our cases are Sanders v. Commonwealth, 117 Ky. 1, 77 S. W. 358, 1 L. R. A., N. S., 932, 111 Am. St. Rep. 219; Stratman v. Commonwealth, 137 Ky. 500, 125 S. W. 1094, 27 L. R. A., N. S., 949, 136 Am. St. Rep. 929; Barker v. Crum, 177 Ky. 637, 198 S. W. 211, L. R. A. 1918F, 673; Community Hospital v. Barren County Fiscal Court, 244 Ky. 672, 52 S. W. (2d) 896; Withers v. Board of Drainage Commissioners of Webster County, 270 Ky. 732, 110 S. W. (2d) 664; Fischer v. Grieb, 272 Ky. 166, 113 S. W. (2d) 1139; Markendorf v. Friedman, 280 Ky. 484, 133 S. W. (2d) 516, 127 A. L. R. 416; and Denton v. Potter, 284 Ky. 114, 143 S. W. (2d) 1056. Many other domestic ones are referred to in those we have listed, as well as acknowledged and followed texts by accepted authors on the subject; also opinions from other jurisdictions of the Union. In determining whether or not a particular classification is or not sustainable under such firmly settled principles of the law applicable to the subject courts look to and consider the alleged differentiating facts put forward as supporting the classification, and if it is found that there is no practical difference, and that by reason thereof the classification is arbitrary, it then becomes the duty of the court to so declare and to hold the contested enactment as invalid because invading the equal rights clause and others of either the Federal or State Constitutions, or of both. Not only so, but it has more than once in later times been observed by this and other courts that the

practice of classification is frequently attempted to be exercised and applied in contravention of the settled requirement, supra, and to such an extent as to be plainly arbitrary and unsupported by either logic or reason.

Hence in the Fischer case supra [272 Ky. 166, 113 S. W. (2d) 1140, 127 A. L. R. 416], in calling attention to such later developed practice by legislative bodies, we felt called upon to say: "In view of the constant effort of classes and political blocs to obtain special privileges from the government, there is constant danger that the doctrine of classification may be carried so far as practically to nullify the constitutional provisions." The same criticism has also been pointed out in other opinions rendered by this court, as well as those rendered in other jurisdictions, and such utterances were, no doubt, intended to warn legislative bodies of the circumference of their authority in classifying subjects for legislation.

In the very late Denton case, supra, there was involved another act of the 1940 session of our legislature— being Chapter 108 of the Session Acts for that year—imposing an excise as well as a license tax on peddlers as defined in the act. It excluded from liability for the excise tax of $25 per annum, all peddlers except those who conducted their business with a vehicle. In holding the act unconstitutional we referred to and discussed a number of prior cases from this court, some of which we have listed, supra, and came to the conclusion that the levying of the $25 annual tax on peddlers by vehicle was unconstitutional because of discrimination in classification of those engaged in the business of peddling, although we recognized the well-established doctrine that in some instances it was competent to subclassify a classified subject; provided both the classification and subclassification were supported by the necessary requirements, supra. In this case there has been pointed out to us no substantial distinction between services performed in the furnishing of food to the public through the operation of eating establishments, whether conducted by operators of hotels, or by those engaged in the independent restaurant business. A case involving the concrete question as applicable to the same occupation here involved—although others were also involved—is the South Carolina case of Gasque, Inc., v. Nates, Commissioner, etc., with a consolidated case involving the same

questions, decided on March 14, 1939, and reported in 191 S. C. 271, 2 S. E. (2d) 36, 43. We will devote neither time nor space in setting out the terms of the statute there involved, but according to its setup it purported to impose upon operators of independent restaurants, and other enumerated occupations, certain regulatory provisions, but exempted from its operation other businesses involving the same or practically the same purposes, one of which was hotels as opposed to independent restaurants, and the court said, inter alia: "There can be no logical distinction between the work of a waitress in an eating place connected with a hotel and her work in an independent restaurant." The court then proceeded to compare other occupations which the statute attempted to regulate and burden, but from which other occupations engaged in practically the same business were exempted, and the opinion took up each class and determined whether or not the exemption was a discrimination rendering the classification unreasonable and void. Our excerpt from the opinion discloses the court's conclusion with reference to the concrete question we have hereinbefore discussed and determined.

It is faintly insisted by counsel for plaintiff that even though we went no farther than to determine the question as it relates to the restaurant business, and held the terms of the statute invalid as applicable to that business, the effect of the determination would render the entire act void, or if not, it should be held that all of the occupations embraced by Section 17 of Article I should be declared immune from its provision upon the ground that the legislature would not have enacted the statute with its invalid provision that we have found herein deleted therefrom. The general rule on that question is, that if it is manifestly apparent that the legislation would not have been enacted with its unconstitutional provisions deleted, because invalid, then the entire act is stricken down, but should the court conclude otherwise, then only the invalid portions thereof become annulled, with the remaining portion untouched by the decision, and that rule prevails although the statute contains a separable clause stating that if any part of it should be held invalid, then it is the intention of the legislature that the remaining portion shall stand. However, when such a clause is contained in an attacked

statute it will be given some force, and especially so as to one of the nature and kind here involved, dealing with the broad subject of labor, and making provisions with reference to employer and employee of wide scope and far-reaching effect, and providing for the administration of the act by duly created boards, officers, etc. We are, therefore, not prepared to say that the legislature would not have enacted the remaining portion of the act after deleting therefrom as we have done, supra, with reference to the statute under consideration.

Reference is also made in brief to the effect of our opinion and decision as hereinbefore made, i. e., whether it has the effect, by declaring void the exemption dealt with to bring into the operation of the statute such exempted institutions, or whether it has the opposite effect of relieving from the provisions of the statute the class of subjects from which the exemption was made by the legislature. The same question was raised in the case of Board of Education of Woodford County v. Board of Education of Midway Independent Graded School District, 264 Ky. 245, 94 S. W. (2d) 687, and we held that the effect of a decision as herein made would not affect the exempted class of subjects because the legislature had expressly said that the statute should *not* apply to that class, and the court had no power or authority to legislate contrary to such express legislative provisions. Furthermore, that the class of subjects from which the exemption was made would be taken out of the operation of the provision of the statutes because of the discrimination against it and, therefore, all of such subjects belonging to the general class would continue to occupy the same status as was occupied before the statute was enacted, which, in this case, has the effect to relieve the business of operating an independent restaurant from the burdens of the statute as attempted to be imposed by the attacked provisions of the act under consideration. A text authority supporting those conclusions is Chapter IX, beginning on page 576, Section 296, Volume I, Second Edition, of Lewis' Sutherland on Statutory Construction, and extending to page 603, Section 308. Cases supporting the same conclusion will be found cited in the 264 Kentucky, 94 S. W. (2d) case referred to.

Independently of such supporting authority we find it impossible to arrive at any other conclusion by the aid

of logic, common sense, or reason, since the class exempted may not be made amenable to the provisions of the statute by the court when the legislature has expressly enacted to the contrary. Therefore, when the exemption results in forbidden discrimination then those discriminated against become relieved of the burdens imposed by the statute solely because of the discrimination, since if it were otherwise, then the discrimination would have no effect, although positively forbidden by constitutional guaranties against discrimination, followed by the courts everywhere declaring the statute to be void because of the unauthorized discrimination. If, therefore, it is rendered void for such reason it may not be applied to either the one discriminated against, or to the exempted one which the legislature said should not be affected by or embraced within the terms of the statute. Therefore, we repeat that no other conclusion is possible than the one to which we have arrived.

For the reasons hereinbefore advanced we have concluded to pass all other questions attempted to be raised, and argued in briefs, without determination, since the one we have determined is the only one that could be lawfully presented by plaintiff, and the only one in which he is interested. The trial court, upon a return of the case, will modify its holding declaring invalid all of Section 17 of Article I of the 1940 Act, and when done the judgment, as so modified, is affirmed; the whole court sitting, except Judge Perry, who is absent.