Arnold S. MANN, Jr., et al., Appellants,

v.

CITY OF FORT THOMAS, Kentucky, a Municipal Corporation, etc., et al., Appellees.

Court of Appeals of Kentucky.

Feb. 7, 1969.

**210**

D. Wrayburn Neisch, Ebert, Moebus, Cook, Kirchoff & Neisch, Fort Thomas, for appellants.

Louis E. Arnold, Cincinnati, Ohio, Norbert Bischoff, William Bertelsman, Newport, for appellees.

CULLEN, Commissioner.

In 1958 the City of Fort Thomas adopted a comprehensive zoning ordinance which established various zones, including a "Residence B" zone. In 1964 the city amended the ordinance to authorize the granting of permits by the City Planning Commission for "Planned Unit Developments" in any zone except "Residence A–1" and "Residence A–2." (A Planned Unit Development is a group of dwellings constructed according to plan on a tract of at least two acres, having topographic and environmental conditions such as to justify a departure from the strict requirements of the zoning ordinance as to lot sizes, setback lines, yard spaces, etc.) The appellants herein, Arnold S. Mann, Jr., and others, made application for a permit for a Planned Unit Development in a "Residence B" zone. The planning commission held a hearing and then denied the permit on the grounds that the proposed development would not promote the health, safety and welfare of the public and would not be compatible with the character of the zone in which it was proposed to be located. The appellants then brought suit in the circuit court alleging that the provisions of the amended ordinance establishing the conditions and procedures upon and by which a permit could be granted were unconstitutional in that they granted arbitrary power to the planning commission. The circuit court held the amended ordinance constitutional and found that the planning commission had not acted arbitrarily. Judgment was entered dismissing the action, from which this appeal is taken. The appellants argue only the constitutionality question.

■ In our opinion the appellants do not have standing to attack the constitutionality of the provisions of the ordinance for granting of permits for Planned Unit Developments, because the appellants could not obtain the ultimate relief they seek even if the provisions were held unconstitutional. The reason for this is that if the provisions of the ordinance for granting of permits were held unconstitutional there would remain no authority at all for construction of a Planned Unit Development in a "Residence B" zone.

The original zoning ordinance of 1958 did not authorize Planned Unit Developments in residential zones. The 1964 amendment, here under attack, authorizes the granting of permits by the planning commission for such developments. If the authority so given to the planning commission were held invalid on the ground that it is a grant of arbitrary power, then the whole 1964 amendment would have to fall, because the remaining provisions of the amendment are wholly dependent on the permit provisions. Certainly it could not be considered that the city legislative body would have intended that Planned Unit Developments be allowed in any zone without permit or restriction, in the event the permit provisions should be held invalid. Rather, it must be considered that the legislative body intended the restrictions of the original ordinance should control in the event the amendment be held invalid.

It is the general rule that if it is manifest that the legislative body would not have enacted the legislation in question without the provisions subsequently held to be invalid, then the entire legislative act falls. Burrow v. Kapfhammer, 284 Ky. 753, 145 S.W.2d 1067. And where the valid and invalid portions of an amendatory act are so dependent upon each other or so connected as to show that the legislative body intended them as a whole, the entire amendment must fail. Gibson v. Commonwealth, 209 Ky. 101, 272 S.W. 43.

For the circuit court in the instant case to have declared invalid the permit provisions of the 1964 amendment would have been a futile thing as concerns the appellants because only by the validity of those provisions could the appellants escape from the restrictions of the 1958 zoning ordinance. Accordingly, the circuit court properly dismissed the action.

The judgment is affirmed.

All concur.