LOUISVILLE/JEFFERSON COUNTY METRO GOVERNMENT; Louisville Metro Council; Mayor Jerry E. Abramson; and Louisville Metro Health Department, Appellants,

v.

METRO LOUISVILLE HOSPITALITY COALITION, INC.; Highview Manor Associates, LLC, d/b/a Hi View Manor Bingo; National Leasing, Inc., d/b/a Jeffersontown Bingo Hall; Lorena, Inc., d/b/a New Silver Heights Bingo; Greenwood Rollerdrome, Inc., d/b/a Greenwood Bingo; R.H. Construction, Inc., d/b/a Big Dixie Bingo; Sunshine Bingo Center, LLC; And Kentucky Charitable Gaming Association, Appellees.

No. 2008–CA–000377–MR.

Court of Appeals of Kentucky.

Feb. 13, 2009.

Discretionary Review Granted by Supreme Court May 13, 2009.

Discretionary Review Denied by Supreme Court Nov. 18, 2009.

Irv Maze, N. Scott Lilly, William P. O'Brien, David Sexton, Patrick Mulvihill, Louisville, KY, for appellant.

Michael R. Wilson, John R. Wilson, Louisville, KY, for appellees.

Before MOORE, TAYLOR and VANMETER, Judges.

## OPINION AND ORDER

MOORE, Judge.

Louisville/Jefferson County Metro Council appeals the Opinion and Order of Jefferson Circuit Court's ruling of invalidity of the severability clause adopted in Ordinance 189 (the "Smoke Free Law") amending Chapter 90 of the Louisville Metro Code of Ordinances. Consequently, the severability clause being ruled invalid, the circuit court struck the Smoke Free Law in its entirety due to an unconstitutional provision exempting Churchill Downs. The circuit court previously ruled this exemption violated the Equal Protection Clause in the Kentucky Constitution.

The underlying issue of the constitutionality of the Churchill Downs's exemption is not before us. Rather, Metro Council appeals the striking of the severability clause, invalidating the entire ordinance.

Appellees Metro Louisville Hospitality Coalition, Inc., and Highview Manor Associates, LLC moved to dismiss this appeal. Since the time of the entry of the judgment by the circuit court, Metro Council amended and re-enacted the Smoke Free Law, deleting the Churchill Downs's exemption on January 11, 2008. Conse-

quently, Appellees maintain that a justiciable case or controversy no longer exists. As a result, they have moved this Court to dismiss this appeal for lack of jurisdiction. Furthermore, Appellees argue they no longer have a quarrel with the Smoke Free Law, now that the offending exemption has been removed. Thus, they argue they should not have to defend against this appeal.

An appellate court must dismiss an appeal "when a change in circumstance renders the court unable to grant meaningful relief to either party." *Medical Vision Group, P.S.C. v. Philpot*, 261 S.W.3d 485, 491 (Ky.2008) (citing *Brown v. Baumer*, 301 Ky. 315, 321, 191 S.W.2d 235, 238 (Ky.1945)). Accordingly, without "an actual case or controversy," this Court has no jurisdiction to hear an issue and cannot render a mere advisory opinion. *Id.* (citing *Commonwealth v. Hughes*, 873 S.W.2d 828, 829 (Ky.1994); Ky. Const. § 110). Consequently, the motion to dismiss involves a dispositive issue. Accordingly, we must resolve it prior to reviewing the merits of the appeal.

Our first point of disagreement with Appellees' motion to dismiss is premised on their respective complaints. The complaints certainly attack the Churchill Downs's exemption, but they go further, averring that the Smoke Free Law is unconstitutional on its face and as applied. A sampling of the provisions in the complaints include that the Smoke Free Law will allow warrantless and unreasonable searches; notice is not fair nor "sufficient in clarity to inform ordinary persons as to what conduct is required and prohibited;" the Smoke Free Law is unconstitutionally vague and "does not provide sufficient standards to those charged with enforcing

the amended ordinances so as to avoid arbitrary and discriminatory application;" deprivation of property without just compensation; and due process violations. From any vantage point, Appellees attacked the overall constitutionality of the Smoke Free Law, not just the Churchill Downs's exemption.

Secondly, after the circuit court granted Appellees' partial motion for summary judgment, ruling that the Churchill Downs's exemption violated the Equal Protection Clause of the Kentucky Constitution, Appellees filed a motion for summary judgment contending that the Smoke Free Law was unconstitutional. Before the circuit court, Appellees argued "Plaintiffs now submit the following in support of their Motion for Summary Judgment that certain sections of Chapter 90 of the Louisville/Jefferson County Metro Government Code of Ordinances are unconstitutional and/or in violation of the law." Metro Government responded on a number of grounds, but primarily that the entire ordinance was not unconstitutional or in violation of the law because of the severability clause.

Thirdly, as a result of the complaints filed by Appellees and during the litigation they initiated, the circuit court found that the Smoke Free Law must be stricken in its entirety. Despite Appellees' arguments that a controversy no longer exists, the record supports there are presently over 90 pending enforcement citations for violations of Ordinance 189, occurring before the circuit court declared it void in its entirety. Ordinance 1, Series 2008, amended and re-enacted Ordinance 189, but was not enacted as a substitution for Ordinance 189. Consequently, the pending enforcement citations remain actionable.[1]

---

1.  A review of both ordinances reveals that the listed offenses under both remain substantially the same.

We rule that a justiciable controversy exists because Appellees sought relief beyond the Churchill Downs's exemption and because there are pending actionable citations under Ordinance 189. Consequently, we deny Appellees' motion to dismiss.

■ Turning to the merits of the severability clause, we agree with the rationale espoused by Metro Council on a number of fronts. The severability clause states

[i]f any provision, clause, sentence, or paragraph of this chapter or the application thereof to any person or circumstances shall be held invalid, that invalidity shall not effect the other provisions of this chapter which can be given effect without the invalid provision or application, and to this end the provisions of this chapter are declared to be severable.

We agree that this severability clause substantively comports with the general severability clause codified in Kentucky Revised Statute (KRS) 446.090 providing that

[i]t shall be considered that it is the intent of the General Assembly, in enacting any statute, that if any part of the statute be held unconstitutional the remaining parts shall remain in force, unless the statute provides otherwise, or unless the remaining parts are so essentially and inseparably connected with and dependent upon the unconstitutional part that it is apparent that the General Assembly would not have enacted the remaining parts without the unconstitutional part, or unless the remaining parts, standing alone, are incomplete and incapable of being executed in accordance with the intent of the General Assembly.

This statute has been held to apply to cities. *Commonwealth v. Beasy*, 386 S.W.2d 444, 447–48 (Ky.1965).

At its core, the circuit court invalidated the entire ordinance despite the severability clause based upon its determination that Metro Council would not have passed the Smoke Free Law without the exemption for Churchill Downs. The legal proposition underlying the circuit court's statement is well in accord with the law. *See, e.g., Graves County v. Graves Fiscal Court*, 303 Ky. 707, 711, 199 S.W.2d 137, 140 (1947); KRS 446.090. Notwithstanding a sound legal foundation, the circuit court erred in how it reached this decision in this matter.

The circuit court's determination that "it is manifestly apparent that the Metro Council was so determined to exempt Churchill Downs from the smoking ban that it would not have passed the Ordinance without the exemption" was entirely based on the legislative history of the Ordinance. During the debates on the Ordinance, Metro Council voted to reject a proposed amendment to strike the exemption. In essence, the circuit court reasoned that the rejection of the proposed amendment to strike the exemption illustrated clear legislative intent that the Ordinance would not have passed without the exemption.

The circuit court also relied heavily on *Burrow v. Kapfhammer*, 284 Ky. 753, 145 S.W.2d 1067 (1940), to support its decision. Concluding the circuit court erred in its statutory interpretation of the Smoke Free Law and its analysis of *Burrow*, we are of the opinion the circuit court erred in its decision.

The interpretation of a legislative enactment is a matter of law. *Commonwealth v. Garnett*, 8 S.W.3d 573, 575 (Ky.App. 1999). In construing a statute, we are to give effect to the intent of a legislative body's enactment, and we derive that intent, if at all possible, from the plain meaning of the language chosen by the

legislative body. *See King Drugs, Inc. v. Commonwealth, Revenue Cabinet,* 250 S.W.3d 643, 645 (Ky.2008) (citing *Osborne v. Commonwealth,* 185 S.W.3d 645 (Ky. 2006)). Ordinances are to be construed as a whole and for all of its parts to have meaning. *See King Drugs,* 250 S.W.3d at 645 (citing *Lewis v. Jackson Energy Cooperative Corp.,* 189 S.W.3d 87 (Ky.2005)).

In analyzing an ordinance, we must begin with a determination of whether the statute is ambiguous. If it is not, an examination of legislative intent is unnecessary and improper. *Commonwealth v. Plowman,* 86 S.W.3d 47, 49 (Ky.2002). In other words, if the Ordinance at hand is not ambiguous, it would violate basic rules of statutory construction to consider the debates on the amendments to determine legislative intent. *See, e.g., Temperance League of Kentucky v. Perry,* 74 S.W.3d 730, 735 (Ky.2002) (citing *City of Vanceburg v. Plummer,* 275 Ky. 713, 122 S.W.2d 772, 776 (1938) ("Where the language of a statute is doubtful or ambiguous, resort may be had to the journals or to the legislative records showing the legislative history of the act in question in order to ascertain the intention of the Legislature, but this rule does not apply where the language of the statute is plain and unambiguous.")). Consequently, if the statute or ordinance is not ambiguous and "yields a reasonable legislative intent, then that reading is decisive and must be given effect regardless of the canons [of statutory construction]...." *See King Drugs,* 250 S.W.3d at 645 (citing *Osborne v. Commonwealth,* 185 S.W.3d 645 (Ky.2006)).

Further, legislative enactments are to be construed to preserve their constitutionality wherever possible. *See Revenue Cabinet, Commonwealth v. Joy Technologies, Inc.,* 838 S.W.2d 406 (Ky.App.1992). Consequently, we are compelled to uphold ordinances when feasible.

■ A fundamental difference we have with the method employed by the circuit court in its analysis is that it reviewed legislative history without a determination that any portion of the Smoke Free Law was ambiguous. Appellees have not directed us to anywhere in the record where they argued before the circuit court that the Ordinance was ambiguous, and they do not contend before us that it is ambiguous. In the absence of an ambiguity, the law is well settled it was error for the circuit court to review the legislative history to construe the Smoke Free Ordinance.

The fact that we are reviewing an Ordinance wherein a section was struck as unconstitutional does not dictate that the Court disregard the canon requiring a determination that an ambiguity exists in an enactment before it is proper for judicial review of legislative history. Our view is buttressed by the language enacted by the General Assembly in KRS 446.090. That statute repeatedly and specifically references the internal language of a statute to determine whether if one section of a statute is stricken, the entire statute should be stricken. Consequently, this leads to the conclusion that we are confined to language of a statute or ordinance in the first place in the absence of an identified ambiguity and that well-settled statutory construction principles play the same role in severability cases. Thus, in the absence of a finding of an ambiguity, the circuit court erred in reviewing and relying on legislative history to interpret the Smoke Free Law.

■ Moreover, in reviewing the Smoke Free Law, the circuit court held that "KRS 446.090 certainly does not stand for the notion that Courts are to construe questionable statutes or ordinances constitutionality valid simply because a severability clause exists. Its plain language indicates the opposite...." We agree with

the circuit court that including a severability clause cannot save an invalid ordinance that fails to meet the standards of KRS 446.090. We disagree, however, with the inference that severability clauses have no validity pursuant to KRS 446.090. A severability clause, as well as other provisions in an ordinance, should be taken into consideration in reviewing the ordinance as a whole.

This concept is explained well in *Lexington Fayette County Food & Beverage Ass'n. v. Lexington–Fayette Urban County Gov't*, 131 S.W.3d 745, 756 (Ky.2004), wherein the Kentucky Supreme Court also reviewed a smoking ordinance. In that case, the Court determined that a section of the ordinance was void-for-vagueness. The Court thereafter held that "[t]he invalidity of [one section], however, does not render the entire ordinance invalid because the code contains a severability provision ... and it is clear that the remainder of the smoking ban ordinance is not so essentially and inseparably connected with and dependant upon [the invalid section] that the [council] would not have enacted the valid provisions without the invalid provisions." *Id.* at 756 (citing *Martin v. Commonwealth*, 96 S.W.3d 38 (Ky.2003)).

Finally, regarding the circuit court's reliance on *Burrow v. Kapfhammer*, 284 Ky. 753, 145 S.W.2d 1067, for its determination that the Churchill Downs's exemption invalidated the entire ordinance, we come to a different conclusion. We agree with Metro Council that *Burrow* is significantly in accord with the basic view of severability and not inherently inconsistent with KRS 446.090. Consequently, we do not believe *Burrow* supports the decision that the entire Smoke Free Law must be stricken.

Beyond the rationale outlined above, we believe that, even in light of the invalid Churchill Downs's exemption, the Smoke Free Law meets the standards under KRS 446.090 to remain in force. The stated purpose of the Ordinance is to "serve the public health, safety and general welfare...." "[P]romot[ing] and safeguard[ing] public health is a high priority" in accord with a local government's police powers. *Lexington Fayette County Food & Beverage Ass'n.*, 131 S.W.3d at 749. With the deletion of the Churchill Downs's exemption, the Ordinance can still fully serve its purpose of promoting the public's health. The Ordinance is not "inseparably connected and dependent upon" the exemption such that it is apparent that Metro Council would not have enacted it in the absence of the exemption. The remaining sections of the Ordinance can fully stand on their own and are capable of being executed with the deletion of the unconstitutional portion. Accordingly, the circuit court erred in striking the Smoke Free Law in its entirety.

For the reasons as stated, we deny the Appellees' motion to dismiss and reverse the decision of the circuit court.

ALL CONCUR.