## Mullins v. Jackson, Clerk.

(Decided Oct. 12, 1937.)

A. F. BYRD for appellant.
BENTON & DAVIS for appellee.

OPINION OF THE COURT BY JUDGE BAIRD—Affirming.

Mrs. J .S. (Rosa) Mullins was a candidate in the Democratic primary election held on August 7, 1937, for the nomination for office of sheriff of Clark county, Ky. She was defeated in that primary. Within the time prescribed by law she caused to be filed a petition signed by more than the requisite number of legal voters of Clark county, as provided by section 1453, Kentucky

Statutes, petitioning and requesting Linville Jackson, clerk of the Clark county court, to place her name on the official ballot for the regular November election, 1937, as an independent candidate for sheriff of Clark county, to be voted for at said election. She designated in her petition ''Independent'' as the name of the party and ''Fair Elections'' as the title of the principle which she represented, and further designated her photograph as the device or emblem by which she should be designated. She asked that in the preparation of the official ballot for the November, 1937, election that he cause to be printed her name on said ballot under her photograph as an emblem. He declined to accept the petition and refused to file it and declined in writing to have her name placed on the official ballot as an independent candidate for said office. She then instituted this action in equity seeking a mandatory injunction against the defendant requiring and directing him to file the petition for and on her behalf and also to place her name on the official ballot to be used in the election. Appellee filed a demurrer to her petition which was overruled. He then filed an answer in which he alleged that she had been a candidate for the Democratic nomination for the office of sheriff at the August primary election held in Clark county for the purpose of nominating candidates for the various offices, and that she was defeated in the primary election and did not receive a sufficient number of votes to entitle her to the nomination, and further alleged that under section 1550-5a, Kentucky Statutes, she, having been defeated in the primary election, was not entitled to have her name placed on the official ballot at the succeeding annual election held in the same year as the primary election had been held. Appellant filed a demurrer to the answer which was. overruled. The case was then submitted to the court upon motion of appellant for a temporary mandatory injunction and for a permanent injunction as prayed for in her petition. Appellant declined to plead further, and it was therefore ordered and adjudged by the court that her motion for a temporary and permanent injunction be overruled and appellant's petition dismissed, the court thereby refusing to grant the relief she sought. From that judgment she appeals.

The court in passing upon the petition and demurrer gave as a reason for his ruling that in his judgment the provisions of section 1550-5a, Carroll's Kentucky Statutes, 1936 Ed., which was the act of the 1934 Legis-

lature (c. 63), were binding and violated no provision of the Constitution.

The only question presented or discussed in briefs of either appellant or appellee is the constitutionality of the section, supra, which reads as follows:

"No candidate for public office in the State of Kentucky who shall have been defeated for the nomination for any office in a primary election shall have in the succeeding general election held during the same year in which said primary election was held his name printed on the official ballot for the same office for a nomination to which he was a candidate in said primary election; provided, however, that if a vacancy occur in the party nomination for which he was a candidate in such primary election his name may be printed on said official ballot as a candidate of such party if he has since said vacancy accrued been duly made such party nominee according to law, and, provided further, that the provisions of this section shall not apply to candidates for judge of the Court of Appeals and for the judges of the circuit court."

It will be noted on a careful reading of that section that appellant is not deprived of any rights given or secured to her by the Constitution. She is not deprived of the right or privilege of being voted for by any one who might so desire, nor is she made ineligible or deprived of the right to run for the same office for which she was a candidate under that section in a general election. This section only provides, that she, having been defeated after submitting her candidacy to the members of her political party by her opponent, and the clerk, who in this instance is the appellee, is not permitted to have her name printed on the official ballot as a candidate for the same office to which she was a candidate in the primary election, unless a vacancy occurred in the party nomination. In that event her name might be printed on the official ballot as a candidate for the same office.

Counsel for appellant relies for reversal upon Broughton v. Pursifull, County Clerk, 245 Ky. 137, 53 S. W. (2d) 200, 201, which opinion is based entirely on another section of the statute, which was designated section 1550-6, 1930 Ed. Kentucky Statutes, because that section was declared inoperative and unconstitutional.

That opinion in our judgment has no application here. In fact, it is not sufficient authority to establish the unconstitutionality of section 1550-5a. The Broughton Case is based upon a principle that does not apply in this case.

We said in that opinion:

"The latter disqualification as contained in the involved amendment was and is broad enough to prevent such defeated candidate from holding the office, notwithstanding a sufficient number of voters to elect him may have voted for him by writing his name on the blank line in the ballot. The amendment, therefore, as enacted, has the effect to and does annex this disqualification—that, if one seeks the nomination of a political party in a primary election, and is unsuccessful, he thereby becomes ineligible to hold the same office for which he was a candidate for the nomination for the term to be filled at the following regular November election. Not only is the candidate so situated thus deprived of running for the office in the general election, but the voters of the political subdivision having the right to elect such officer are deprived of voting for such defeated candidate, although he may possess all constitutional qualifications and be otherwise supremely fitted for the office."

Section 1550-5a does not in any way or manner disqualify appellant or add to or take from her qualifications given her under the Constitution of the state, or prevent her from holding the office, should a sufficient number of electors vote for her by writing her name on the blank line in the ballot. It simply undertakes to compel her to keep the promise she made to the voters when she agreed to and did submit her candidacy for the nomination for sheriff of her county; especially, those voters affiliating with the Democratic Party. It is reasonable and fair that she should not be permitted to have her name printed upon the official ballot for the same office to be voted for in the general election held during the same year. Such a provision is just and fair to her opponent. To permit her name to be placed on the ballot would not be in good faith with her party friends, who had already selected some one else for the office she was seeking. Such a proceeding would cause discord and confusion. As we have said, a failure to print her name upon the ballot does not under the law

render her ineligible for the office or prevent any voter, who wishes to vote for her, to write her name in the official ballot at the regular election for the office of sheriff.

In our opinion, the judgment of the court was correct.

Judgment affirmed.