## Meredith, Atty. Gen., et al. v. Ray.

Dec. 4, 1942.

Hubert Meredith, Attorney General, and M. B. Holifield, Assistant Attorney General, for appellant.

Anna H. Settle, Richard P. Dietzman, and Smith & Leary for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

On this appeal the validity of Chapter 158 of the Acts of the General Assembly of 1940, now KRS 200.010 et seq., is questioned. If the act is held valid the validity of subsection (b) of Section 17, Part One of Chapter 1 of the Acts of 1942 is incidentally involved. Chapter 158 of the Acts of 1940 provides that aid shall be granted to any dependent child who meets certain requirements as to age, residence, etc., prescribed by the act. In Section 1 of the act ''dependent child'' is defined as ''a needy child under the age of sixteen (16), or under the age of eighteen (18) if found by the State Department to be regularly attending school, who has been deprived of parental support or care by reason of the death, continued absence from the home, or physical or mental incapacity of a parent, and who is living with his father, mother, grandfather, grandmother, brother, sister, stepfather, stepmother, stepbrother, stepsister, uncle, or aunt in a place of residence maintained by one or more of such relatives as his or their home.''

The appellee, Mamie Ray, an infant 14 years of age, resides with her mother in Franklin county. Her father was adjudged a person of unsound mind by the Franklin circuit court in 1937, and was committed to the Eastern State Hospital for the Insane. He is now an inmate of the Central State Hospital for the Insane at Lakeland, Kentucky. Her mother, because of physical infirmities, is unable to support herself and daughter. Application was made to the Department of Welfare of Kentucky for aid under the act providing for aid to dependent children, and the Commissioner of Welfare refused to approve the application because the Attorney General of Kentucky had advised him that there was serious doubt as to the constitutionality of Chapter 158 of the Acts of 1940. Thereupon Mamie Ray, suing by her next friend, Viola Ray, brought an action under the Declaratory Judgment Act to have the questions in controversy

determined and the rights of the parties declared. The Attorney General, Commissioner of Finance, Commissioner of Welfare, and Treasurer of the Commonwealth of Kentucky were made defendants. The circuit court overruled a demurrer to the petition, and adjudged that Chapter 158 of the Acts of 1940 and subsection (b), Section 17, of Part One of Chapter 1, of the Acts of 1942 are valid and constitutional, and directed the Commissioner of Welfare to take the necessary steps to put the Aid to Dependent Children Act into operation. The defendants have appealed.

In appellants' brief there is a lengthy discussion of the Legislature's power to authorize cash payments to dependent children in view of Section 3 of the Constitution which provides that no grant of exclusive, separate public emoluments or privileges shall be made to any man or set of men, except in consideration of public services. In Bowman v. Frost, 289 Ky. 826, 158 S. W. (2d) 945, the question before the court was the constitutionality of Chapter 157 of the Acts of 1940 entitled "An Act to promote the public welfare by providing aid to the needy blind," and it was held that the act was not in violation of Section 3 of the Constitution. Counsel for appellants concede that the opinion in the Bowman case is controlling in this respect in the present case, and they do not seek to have it overruled or modified. Their attack on Chapter 158 of the Acts of 1940 is based on the claim that the definition therein of "dependent child" creates an invalid classification. It is argued that aid is not granted to all dependent children, but only to the class of dependents specified in the act; that is, needy children who live with relatives within a certain degree of kinship, and therefore the grants are unreasonable and arbitrary discriminations between children who are equal in their dependency. It is conceded that under the opinion in Bowman v. Frost the Legislature may grant to every dependent child the aid that is adequate to meet its necessities, but it is said that to grant aid only to the dependent child who lives in the home of some certain designated relative and to deny it to an equally dependent child because he does not live in the home of such a designated relative is to grant to the former a special or exclusive privilege. We think it boils down to a question of proper classification, and if the classification is proper there is no violation of Section 3 of the Constitution. Subsection 29 of Section 59 of the Constitution

prohibits special laws in all cases where a general law can be made applicable. The power of the Legislature to classify subjects for the purpose of legislation is limited only by the requirement that there must be a reasonable basis for the classification. Commonwealth v. Griffen, 268 Ky. 830, 105 S. W. (2d) 1063; Shaw v. Fox, 246 Ky. 342, 55 S. W. (2d) 11. In Markendorf v. Friedman, 280 Ky. 484, 133 S. W. (2d) 516, 519, 127 A. L. R. 416, the court said:

"Section 3 of the Constitution provides that no grant of exclusive privileges shall be made to any man or set of men, except in consideration of public services, and Section 59 prohibits special or local legislation. In addition to these provisions the Fourteenth Amendment to the Federal Constitution declares that no state shall deny to any person within its jurisdiction the equal protection of the laws. The purpose of these provisions was to place all persons similarly situated upon a plane of equality and to render it impossible for any class to obtain preferred treatment, or for those in power to grant favors for political support. However, it has been uniformly recognized that the foregoing provisions do not forbid a classification based on reasonable and natural distinctions, and an Act making a classification will only be voided where the classification is manifestly arbitrary and unreasonable so as to exclude one or more of a class without reasonable basis in fact."

In Williams v. City of Bowling Green, 254 Ky. 11, 70 S. W. (2d) 967, 968, speaking of the power of the legislative body to classify subjects for the purpose of legislation, the court said:

"The fact that a statute discriminates in favor of certain classes does not make it arbitrary, if the discrimination is founded upon a reasonable distinction, or if any state of facts reasonably can be conceived to sustain it."

It is not necessary that the Legislature state its reasons for making the classification. As said in Markendorf v. Friedman, "if any possible reasonable basis can be conceived to justify the classification, then it should be upheld." Many reasons may have motivated the Legislature in making the classification found in

Chapter 158 of the Acts of 1940. It may have been its purpose to preserve and encourage the unity of the family. The relatives named in the act are persons who would naturally feel some obligation to the child and who would treat it as a member of the family. If strangers were permitted to take dependent children into their homes and collect aid granted to the children by the state, abuses, no doubt, would result such as have occurred under the Pauper Idiot Law, KRS 203.250. Unworthy persons would be tempted to take into their homes children in whom they have no interest, not for the welfare of the children but for the money payments involved. The Legislature in making the classification knew that a needy child who does not live in the home of a close relative and, consequently, cannot qualify under the act, may still be aided through other child welfare programs of the state. The act classifies dependent children as to age and time of residence in the state, and these classifications admittedly are proper. We are unable to say that the further classification as to residence with certain designated relatives is improper. Mathematical exactness in classification is impossible, and an act of the Legislature will not be declared unconstitutional merely because in practice it results in some inequality provided there is some reasonable basis on general lines for the division. We think the classification as made by the act before us is not arbitrary and is based upon a distinction having a reasonable relation to the purposes of the law. In view of the rule that all doubts as to the constitutionality of a statute must be resolved in its favor, we are constrained to hold that the act does not contravene any constitutional provision.

The plaintiff in her petition asked that Subsection (b) of Section 17 of Part One of Chapter 1 of the Acts of 1942, which makes a lump sum appropriation of $4,250,000 to be used for old age assistance, aid to dependent children, child welfare, and aid to the needy blind be declared valid. Counsel for appellants concede that the decision rendered by this court in the case of Commonwealth ex rel. Meredith, Atty. Gen., v. Johnson, Governor et al., 292 Ky. 288, 166 S. W. (2d) 409, will be controlling on this question. The appeal in that case was pending when the briefs in the present case were filed, but since that time the case of Commonwealth v. Johnson has been decided and the validity of the appropriations in Chapter 1 of the Acts of 1942 upheld. Com-

monwealth ex rel. Meredith, Atty. Gen., v. Johnson, Governor et al., 292 Ky. 288, 166 S. W. (2d) 409.

The judgment is affirmed.

The whole court sitting.