## Fraysure et al. v. Kentucky Unemployment Compensation Commission et al.

May 2, 1947.

Rehearing denied June 17, 1947.

William B. Ardery, Judge.

Funk, Chancellor & Darnell for appellants.

Robert B. Bird, Eldon S. Dummit, Attorney General, and Ben B. Fowler, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY JUDGE SIMS—Reversing.

The Kentucky Unemployment Compensation Commission, hereinafter referred to as the Commission, brought this action against William H. Fraysure and other officers and employees of the United States Employment Service in the State of Kentucky to test the constitutionality of Chapter 113, page 280 of the Acts of 1946, now KRS 340.090 to 340.160, 1946 Ed. The trial judge held the Act void in its entirety and Fraysure and others appeal.

It may be of assistance in understanding the questions raised on this appeal to give a brief history of the Kentucky Employment Service, hereinafter referred to as the Service. In 1932 the General Assembly established the Service within the Department of Labor, KS

sec. 1599d-10 et seq., and in the reorganization of the state government the Service, along with the Commission, was placed under the Department of Industrial Relations, KS sec. 4618-110. In 1936 the Service and the Commission were established as co-ordinate branches of the state government with the Commission prescribing the duties of the Director of the Service (KS Supp. 1937, secs. 4748f-11 and 4748f-12). The General Assembly in 1938 made the Service a subordinate division of the Commission, although the latter remained under the separate control of the Department of Industrial Relations, KS sec. 4748g-4, 1938 Supplement. In 1940 the law governing the Commission was modified, KS sec. 4748(o), 1940 Supplement, so as to repeal all portions of the law referring to the Service, and there remained one single agency, the Commission, which was designated as the agency for the State for the purpose of the Wagner-Peyser National Employment System Act of Congress, U. S. C. A. Title 29, sec. 49c, which provides for the establishment of a National Employment Service and for the co-operation with the states in the promotion of same. When the Kentucky Revised Statutes were adopted in 1942, sec. 4748g-4(o) of the 1940 Supplement became KRS 340.080 in this language:

"Free public employment offices. The Unemployment Compensation Commission shall establish and maintain free public employment offices in such number and in such places as are necessary for the proper administration of Chapter 341, and for the purpose of performing the duties contemplated by the National Employment Service Act (48 Stat. 113) as amended. The provisions of the National Employment Service Act, as amended, are accepted by this state, in conformity with section (4) of that Act, and this state will comply with the requirements thereof. The Unemployment Compensation Commission is the agency of this state authorized to carry out the purposes of that Act."

The Commission under the terms of KS sec. 4748g-4(o), 1940 Supplement, continued to carry out the provisions of the Wagner-Peyser Act of Congress with its own personnel until January 1, 1942, at which time the Service's functions performed by the Commission, together with all of its personnel, were transferred to the Employment Service of the United States in compli-

ance with certain war emergency measures and proclamations. The Commission granted leave to all of its 240 employees and officials who were engaged in the Service and they were immediately transferred from the Kentucky Unemployment Commission to the Employment Service of the United States. In bringing about this transition there were no changes made in the personnel, either of officers or employees, and their duties, salaries and place of employment remained the same. These officers and employees who the day before were working for the Kentucky Unemployment Commission remained at their desks in Frankfort and performed their usual duties in the Employment Service, but from January 1, 1942, they received their remuneration from the United States, and the Employment Service of the state was entirely under the pay and control of the Federal Employment Service as a war measure.

With the ending of hostilities the federal government started releasing many of its controls and restoring to private industry and state governments functions and personnel it had taken from them during the emergency. The Wagner-Peyser Act was amended by the Congress to provide for the return to the State on Nov. 15, 1946, the Employment Service, along with its officers and personnel in their present or comparable positions in order that the State Employment Service would be eligible to obtain federal funds. Act July 26, 1946, sec. 101, 29 U. S. C. A. sec. 49c note.

In anticipation of the return to the State of its Employment Service and personnel by the United States, the General Assembly passed House Bill 416 over the Governor's veto, Chapter 113, page 280, Acts of 1946, which expressly repealed KRS 340.080, 1944 Ed., and provided that in the Department of Industrial Relations there shall be an Employment Service Commission composed of a Director of Employment Service and two members, one representing labor and the other management, to be appointed by the Commissioner of Industrial Relations, with the approval of the Governor, from lists of names submitted to him by representatives of labor and management.

Section 2 of the Act of 1946, now KRS 340.100, 1946 Ed., provides that the Director of the Employment Serv-

ice shall be Chairman of the Employment Service Commission and shall serve for a four year term; that he shall have had at least four years' full time paid experience in the administration and supervision of a statewide system of public employment service offices and shall have been a citizen of Kentucky for at least two successive years immediately prior to his employment. The Director is given the power to establish his own organization, employ such personnel as he deems necessary, fix their compensation and prescribe their duties.

Section 8 of the 1946 Act, now KRS 340.160, 1946 Ed. reads:

"Transfer of officers and employes in federal service; and properties in possession of Unemployment Compensation Commission. If and when the Employment Service returns to state control, a transfer shall be made, to employment in the statewide system of public employment offices, without adverse adjustment in their classification or compensation status, of all officers and employes of the Federal Government who had been employed in the performance of Employment Service functions in Kentucky on the day preceding the effective date of such transfer; and also, not later than thirty days after the date of the return of the Employment Service to state administration, all properties, including equipment, now in possession of the Unemployment Compensation Commission, purchased by the Kentucky State Employment Service under the Unemployment Compensation Act of 1938, shall be transferred to the Employment Service Commission created by KRS 340.-090. (1946, C. 113, sec. 8.)"

The Kentucky Unemployment Commission filed this declaratory judgment action against William H. Fraysure, Director of the United States Employment Service, and certain local employees of it, wherein the 1946 Act is attacked as being in conflict with secs. 3, 28, 59 and 60 of our Constitution. The answer denied the unconstitutionality of the Act and by way of cross-petition made the Governor, Treasurer, Commissioner of Finance and the Commissioner of Industrial Relations parties defendant, averring that these officials are of the impression that the Act is unconstitutional, therefore KRS

340.080 1944 Ed. is not repealed thereby, and that the Employment Service of the State is still vested in the Unemployment Compensation Commission, which should select officers and employees to administer this service and that each of these officials are refusing to carry out the terms of the 1946 Act. The answer of the Governor and other officials averred that the Act.violates sec. 27 of our Constitution and is void in its entirety.

The chancellor in a concisely written opinion held that the 1946 Act transgressed secs. 27 and 28 of the Constitution. His judgment declared the Act void in its entirety and decreed that KRS 340.080, 1944 Ed., was still in effect. This appeal followed.

Section 27 of our Constitution establishes the three fundamental and co-ordinate departments of government, and sec. 28 says that no person, or collection of persons, being of one of these departments, shall exercise any power properly belonging to either of the others. It is apparent that the chancellor was under the impression that the Legislature had created a new governmental agency and was attempting to exercise the appointive power of the Governor in staffing it.

We do not regard the 1946 Act as creating a new governmental agency—it merely put the Employment Service back under the Department of Industrial Relations where it had been prior to the 1940 Act. Certainly, the 1946 Act did not appoint the personnel of the Service. As a war measure the State turned over to the United States its entire Employment Service, including all officers and personnel, in order that there might be a more efficient use made of our man power in producing war materials and essential goods. This was done without an Act of the General Assembly. Now that the war is over and the federal government desires to return our Employment Service en masse, with officers and personnel intact as to salary and working status, it could have done so without an act of our Legislature. The fact that the General Assembly saw fit to provide in sec. 8 of the Act of 1946, KRS 340.160, 1946 Ed., that all officers and employees in the federal government who functioned in the Employment Service will be received by the State without adverse adjustment, classification

or compensation, lacks much of being an appointment by the General Assembly of such officers and employees.

We recognize that as a general rule the appointive power is vested in the executive rather than in the legislative branch of our government, as we held in Sibert v. Garrett, 197 Ky. 17, 246 S. W. 455. But this does not prevent the Legislature from transferring all officers (other than constitutional ones) and employees from one existing agency of the State to a different agency created by it. This very thing was done by the Reorganization Act of 1934, Chapter 155, page 679 of the Acts of that year, which was carried into the statutes as sec. 4618-1 et seq., 1936 Edition of Carroll's Statutes, which Reorganization Act has now mostly been repealed or else scattered through the statutes. The transfer of officers and employees was made in sec. 4618-61. We upheld this Reorganization Act in Talbott v. Laffoon, 257 Ky. 773, 79 S. W. 2d 244. As was said in that opinion, we are not concerned with the motives of the Legislature in passing the Act now before us, but only with the fact of whether or not it is within the limitations imposed by the Constitution.

We cannot agree with appellees that the section of the Act setting out the qualifications and powers of the Director violated sec. 3 of our Constitution in that it conferred special rights and privileges on the Director; or that it is special legislation forbidden by subsec. 29 of sec. 59 or by sec. 60. While sec. 3 inhibits the conferring of special public emoluments or privileges upon any citizen, or any set of citizens, except in consideration of public services, and secs. 59 and 60 forbid special or local legislation where a general law can be made applicable, we have said in a long line of decisions that these sections do not prevent the enactment of laws making reasonable classifications, and it is only where the classifications are arbitrary and unreasonable, so as to exclude one or more of a class without a reasonable basis, that the Act is void. Burrow v. Kapfhammer, 284 Ky. 753, 145 S. W. 2d 1067, 1070, and the many authorities therein cited.

Manifestly, the Legislature was not acting arbitrarily or without reasonable basis when it provided that the Director of the Unemployment Service must be a

citizen of the State for two years prior to his appointment, and must have had four years of full time paid experience in the administration and supervision of a state-wide employment service, to be eligible to the appointment. Such qualifications are not unusual for appointive officers in responsible positions in the various departments of our government where special training and experience are required to enable one to perform the duties of the office. For instance, KRS 287.012, 1946 Ed., provides that a Commissioner of Banking shall have had not less than five years of banking experience as an executive in a state bank not lower than cashier, or service as a deputy commissioner or examiner in the Department of Banking or in the former Division of Banking of Kentucky, or as a Director of former Division of Banking, or as a former Commissioner of Banking. And KRS 287.440 requires that an examiner appointed by the Commissioner of Banking shall be a resident and citizen of this State and shall be a practical bookkeeper and accountant and shall have had not less than four years actual experience as an officer or clerk in a bank, trust company, or building and loan association. Section 165a-7 of the 1936 Edition of the Statutes shows that the former qualifications of Banking Commissioner and Bank Examiner likewise are rather strict.

Nor is it unusual in this jurisdiction for the Governor to be required to make appointments from lists submitted to him. It is provided in KRS 116.010 that the Governor shall appoint two members of the State Board of Election Commissioners from a list of names if submitted to him by each major political party. And KRS 116.040 says that the State Board of Election Commissioners shall appoint the two members of the County Election Commission from lists of five names that are submitted by the two major political parties, and the appointments shall be made from such lists.

The judgment is reversed with directions that the chancellor will enter one declaring the 1946 Act to be constitutional in its entirety.

Judge Latimer and Judge Siler dissenting.