## KENTUCKY TAX COMMISSION v. LINCOLN BANK & TRUST CO.

Court of Appeals of Kentucky.
Feb. 1, 1952.

A. E. Funk, Atty. Gen., Hal O. Williams, Asst. Atty. Gen., R. F. Matthews, Jr., Asst. Atty. Gen., for appellant.

Henry E. McElwain, Jr. and Allen, McElwain, Dinning & Clarke, Louisville, for appellee.

WADDILL, Commissioner.

The issue in this case is whether the Legislature may place the grandchildren of a decedent into separate classes and subject such classes to different treatment for inheritance tax purposes, when the classification is based solely on whether the parent of the grandchildren, the child of the grandparent, is living or dead. The court held that the classification was invalid. The correctness of the decision is now before us for review.

The legislative act in question was passed in 1936, Ch. 8, Sec. 2(2) 1936, Sp.Rev. Sess., and provides as follows:

"Class A. In case the transfer shall be to or for the benefit of a surviving spouse,

child by blood, step-child, adopted child, (if adoption shall have occurred during infancy), grandchild, if the issue of a deceased child, the tax subject to exemptions hereafter set forth shall be:

On its value not exceeding $10,000 ....2%
On its value exceeding $10,000, but
not exceeding $20,000 ................3%
* * *.

"Class B. In the case the transfer shall be to, or for the benefit of a parent, brother, sister, brother or sister of the half blood, nephew, niece, daughter-in-law, son-in-law, grandchild being the issue of a living child, the tax subject to exemptions hereinafter set forth, shall be:

On its value not exceeding $10,000 ....4%
On its value exceeding $10,000, but
not exceeding $20,000 ................5%
* * *."

The facts giving rise to the suit are simple and uncontested. L. L. Miles died on January 20, 1948, a resident of Louisville. He left surviving, his widow, a son, unmarried, and a daughter, who had two children living at his decease. The residue of the estate was devised to the Lincoln Bank & Trust Company, in trust, with directions to pay the income to the widow for life, and upon her death the estate was to be divided into "Fund A" and "Fund B". The income from "Fund A" was to be paid to the son for life, with the remainder to his living issue, with a cross-remainder over in the event of his death without issue. The income from "Fund B" was to be paid to the daughter for life with remainder to her living issue and a similar cross-remainder in the event of default of issue.

The Department of Revenue, proceeding under the Act, placed the grandchildren of decedent within "Class B," as being grandchildren, the issue of a living child. The Kentucky Tax Commission sustained this ruling, which was reversed by the circuit court, by holding that the beneficiaries should be placed within "Class A."

The Legislature, in 1948, repealed the provisions of the Act in controversy and re-enacted the inheritance tax classification giving equal treatment to grandchildren, which now appears under KRS 140.070.

However, for the purpose of this appeal it is necessary to consider the validity of the 1936 Act under Section 171 of our Constitution. The part of that section with which we are now concerned, provides:

"* * *. Taxes shall be levied and collected for public purposes only and shall be uniform upon all property of the same class subject to taxation within the territorial limits of the authority levying the tax; and all taxes shall be levied and collected by general laws.

"The General Assembly shall have power to divide property into classes and to determine what class or classes of property shall be subject to local taxation. * * *."

The first case decided by this court on the constitutionality of inheritance tax classification was Booth's Ex'r v. Commonwealth, 130 Ky. 88, 113 S.W. 61, 33 L.R.A., N.S., 592 wherein it was pointed out that an inheritance tax is not a tax on property within the meaning of Section 171 of our State Constitution. However, in Reynolds Metal Co. v. Martin, 269 Ky. 378, 107 S.W.2d 251, it was held that the Legislature must act reasonably and not arbitrarily in making classifications for taxing purposes.

In considering the constitutionality of a classification, this court is cognizant of the fact that its power should not be used to usurp the function of the legislative branch of the government and the court should not declare an act invalid until every doubt has been resolved in its favor. Manning v. Sims, 308 Ky. 587, 213 S.W.2d 577, 5 A.L.R.2d 1154. Another rule which is uniformly invoked is that the propriety, wisdom and expediency of legislation is exclusively a legislative matter. Craig v. O'Rear, 199 Ky. 553, 251 S.W. 828.

In Markendorf v. Friedman, 280 Ky. 484, 133 S.W.2d 516, 127 A.L.R. 416, the court in considering the validity of a statute setting up a classification eligible to dispense certain medicinal appliances, said: "The question is whether the persons (sellers) embraced by the Act form by themselves a proper and legitimate class with reference to the purpose of the Act.

If any possible reasonable basis can be conceived to justify the classification, then it should be upheld."

■ Applying this test to the classification before us, it becomes necessary to determine; (a) the purpose of the Act; and (b) if the classification of grandchildren can reasonably be said to be related to that purpose.

■ The purpose of the inheritance tax law is to raise revenue. The first inheritance tax statute was passed in 1906 and appeared in Article XIX of Ch. 22, under the title, "An Act relating to Revenue and Taxation." Furthermore, the very nature of the tax unquestionably makes it a revenue measure.

The purpose of the Act having been established it now must be determined whether the classification of the grandchildren of decedent for the purpose of subjecting them to different treatment in collecting inheritance taxes can reasonably be said to be related to raising revenue.

Appellants argue that the distinction made by the 1936 Act between the two classes of grandchildren affords a reasonable basis for the classification adopted because it serves a "socio-economic" purpose. It is said that when a parent dies, leaving a child, the child becomes by necessity into a state of dependency upon the grandparent, and in fact, a type of "in loco parentis" situation arises between them. Furthermore, such grandchild is said to have more responsibilities and burdens for which he should not be made to suffer financially. Appellants urge that the Legislature had this situation in mind when it created the distinction and that the classification is reasonable and valid.

Appellee contends that no elements having any bearing on the imposition, assessment or collection of inheritance taxes are observable in the classification as contained in the Act; that there is no reasonable basis for the unequal and discriminatory burden placed on those grandchildren who are placed under "Class B" beneficiaries.

■■ The court is of the opinion that the reasons given by appellants are not sufficient to uphold the validity of the classification. They are not reasonably calculated to carry out the purpose of the Act which is raising revenue. Furthermore, the contentions of appellants become more untenable when it is realized that their argument assumes that neither the grandchild nor his surviving parent has a means of support. Actually the surviving parent may be the father or the mother, as the case may be, and the grandchild or the surviving parent may each have adequate means. Since the Act is expressly made a revenue measure it cannot be construed as social legislation undertaking to provide for destitute grandchildren or to equalize their economic status. Since the tax is payable by the executor, there is no more difficulty in collecting the tax in one instance than in another and if two grandchildren receive an equal inheritance from a grandparent, the value of their right of succession is identical, regardless of whether their parents are living or dead. There is no valid reason having relation to the power of the state to raise revenue which justifies differential tax treatment between members of a class having the same degree of relationship to the decedent and receiving an equal inheritance. Since there is no difference in the relation of all grandchildren to their grandparents, no privilege can be found to give one an advantage over the other.

■ We are in accord with the decision of the Chancellor which holds that the classification is without a reasonable basis and is so arbitrary that it violates the uniformity provision of our constitution.

Judgment affirmed.

LATIMER and STEWART, JJ., dissenting.