**ROSENBERG v. QUEENAN.**

Court of Appeals of Kentucky.

Oct. 16, 1953.

H. A. I. Rosenberg, pro se.

J. W. Jones & Lawrence G. Duncan, Louisville, for appellee.

SIMS, Chief Justice.

H. A. I. Rosenberg was defeated in the August 1953 Republican primary for the nomination for the office of representative in the General Assembly of Kentucky for the 36th district in Louisville. Rosenberg sought to have James F. Queenan, Clerk of the Jefferson County Court, place his name on the ballot as an independent candidate for that office to be voted on in the regular November election of this year, which the clerk refused to do and Rosenberg instituted this action on September 24, 1953, to mandamus the clerk to place his name on the ballot. The answer of the clerk pleaded that Rosenberg was defeated for the nomination in the August 1953 Republican primary and by the provisions of KRS 118.110(1) he is not entitled to have his name placed on the ballot. After the answer was filed the clerk moved to dismiss the petition, which motion was sustained, and Rosenberg appeals. The pertinent part of KRS 118.110(1) reads:

"No candidate who has been defeated for the nomination for any office in a primary election, except a candidate for judge of the Court of Appeals or judge of the circuit court, shall have his name printed on the ballot in the succeeding regular election as a candidate for the same office for the nomination to which he was a candidate in the primary election, * * *."

Rosenberg insists this statute violates § 6 of the Kentucky Constitution providing all elections "shall be free and equal." We held in Asher v. Arnett, 280 Ky. 347, 132 S.W.2d 772, that this section of our Constitution was not a limitation on the General Assembly to enact reasonable legislation for the naming of candidates by political parties and groups of voters.

Rosenberg next insists KRS 118.110(1) violates § 3 of our Constitution in that it confers special rights and privileges on candidates for circuit and appellate judgeships, and violates § 59 forbidding special legislation. We have many times written that these two sections do not prevent the

enactment of laws making a reasonable classification, and it is only where the classifications are arbitrary and unreasonable so as to exclude one or more of a class without a reasonable basis, that the Act is void. Fraysure v. Kentucky Unemployment Compensation Comm., 305 Ky. 164, 202 S.W.2d 377, 381; Burrow v. Kapfhammer, 284 Ky. 753, 145 S.W.2d 1067, 1070, and the many authorities cited therein. Certainly, exempting candidates for circuit and appellate judgeships from the provisions of KRS 118.110(1) is a reasonable classification, because candidates for these two offices were permitted to seek the nomination of any and every political party having a ticket to be voted for in the district in which they were running many years before what is now KRS 118.110(1) was passed in 1934. Ch. 63, § 1, Acts of that year.

Appellant cites Broughton v. Pursifull, 245 Ky. 137, 53 S.W.2d 200, wherein the court held unconstitutional Chapter 156 of the Acts of 1920, making a candidate defeated in the primary *ineligible* for the same office in the next general election. In holding the Act unconstitutional because it made a candidate defeated in the primary *ineligible* to receive votes in the November election that opinion expressly said there was not before the court the question of a defeated candidate having the right to require his name to be printed on the ballot for the November election. There is a vast distinction between the statute saying a candidate defeated in the primary is *ineligible* to be voted for in the general election and one saying that such a candidate may not have his name *printed on the ballot*. The Broughton opinion came down in September 1932 and the General Assembly of 1934 amended the statute and eliminated therefrom the ineligibility of the candidate defeated in the primary from receiving votes in the following November election and inserted in lieu thereof that such candidate could not require his name to be printed on the ballot in the November election.

We deem it unnecessary to discuss other authorities cited by appellant as an examination of them shows they are not applicable to the case at bar.

Rosenberg further argues that KRS 118.110(1) violates § 38 of our Constitution to the effect that each House of the General Assembly shall judge the qualifications, elections and returns of its members; and § 153 stating that the General Assembly shall have power to provide by general law for the manner of voting, for ascertaining the result of elections, making due returns therefor, issuing certificates to persons entitled thereto, and for the trial of contested elections. The answer to these contentions is that KRS 118.110(1) does not relate to the qualifications of members of the House or to contests of elections of such members (such contests being controlled by KRS 122.110), but the statute under consideration merely provides the defeated candidate in the primary may not have his name printed on the ballot in the following November election as a candidate for the office for which he was defeated in the primary. In Mullins v. Jackson, 270 Ky. 149, 109 S.W.2d 387, it was said that KRS 118.110(1) did not deprive a candidate of any right given or secured to him or her under our Constitution.

An amended petition was tendered in this court by Rosenberg wherein he attacked the use of voting machines as contravening § 147 of our Constitution saying all elections by the people shall be by secret ballot. It is self-evident that on an appeal to this court a litigant will not be allowed to file an amended pleading as the judgment appealed from is final and any pleading thereafter comes too late. However, it may be of some comfort to appellant to be reminded that in Grauman v. Jefferson County Fiscal Court, 294 Ky. 149, 171 S.W.2d 36, we held that KRS Chapter 125 permitting the use of voting machines did not violate § 147 relative to the secrecy of the ballot.

The judgment is affirmed.