COMMONWEALTH of Kentucky, Appellant,

v.

Freddie MOYERS, Appellee.

Court of Appeals of Kentucky.

Nov. 5, 1954.

J. D. Buckman, Jr., Atty. Gen., H. D. Reed, Jr., Asst. Atty. Gen., Roy M. Vance, Commonwealth Atty., Paducah, for appellant.

C. Elwood Gordon, Earl T. Osborne, Benton, for appellee.

SIMS, Justice.

█ Appellee, Freddie Moyers, and his wife were tried in the quarterly court of McCracken County on a warrant charging them with violating a regulation of the Department of Fish and Wildlife Resources (hereinafter referred to as the Department) it put into effect under the authority of KRS 150.025(2) (d). Mrs. Moyers was acquitted but her husband was convicted and fined $25 and cost. He appealed to the McCracken Circuit Court, where at the conclusion of the Department's evidence the court directed a verdict in his favor. As the punishment under the statute can only be a fine, the Commonwealth has the right to appeal. Upon the judgment being reversed by this court there may be a new trial despite the former judgment of acquittal. Com. v. Williams, 230 Ky. 71, 18 S.W.2d 881, and authorities there cited.

It is provided in KRS 150.025:

"(1) If the commissioner, with the concurrence of the commission, and after giving due regard to the public recreation and sport afforded thereby, the economic value and breeding habits of any species, class, type or breed of wild life, either native or imported, finds that the supply thereof has become unduly depleted or finds that, because of adverse weather conditions, floods, disease, fire, inadequate food supply, breeding conditions, lack of cover, unequal distribution, excessive destruction or widespread violations of the fish and wild life laws or for any other reason, there is serious danger that the continued supply thereof may be depleted, the department shall adopt such regulations as may be necessary and proper to restore supply or to prevent the further depletion thereof. Such regulations may be made to apply to a limited area or to the entire state.

"(2) In carrying out the provisions of this section the department may, by regulations: * * *

"(d) Regulate the size or type of any device used for taking, and regulate any method of taking".

In pursuance of this statute the Department put into effect this regulation:

"Article V. All commercial fishing with hoop nets and seines and other types of commercial gear, except trotlines and snag lines, are forbidden to be used, or placed, or possessed from the mouth of the Tennessee River where it flows into the Ohio River up to the Kentucky Dam on the Tennessee River."

In a long and extemporaneous opinion delivered from the bench and reported by the official reporter, the circuit judge held the above quoted regulation was invalid because: 1. It contains no recital of facts to support, or upon which to base, the adoption of the regulation: 2. the regulation is unreasonable and violates § 59 of our Constitution prohibiting the enacting of local and special laws: 3. there was no regulation within the meaning of KRS 13.080, subsection 2, and the purported regulation is of no effect.

█ The first objection of the learned trial judge to the regulation may be answered in a few words. There is nothing in the statute which requires a regulation of the Department to recite the facts upon which it is adopted unless an emergency exists. In the event of an emergency, the regulation shall state facts and circumstances which give rise to the emergency. KRS 150.025(4). The Legislature in requiring the regulation to state the facts and circumstances which give rise to the emergency made it plain there was no legislative intent to have the regulation incorporate the facts or findings of the Department upon which it based a regulation where no emergency exists. In Pacific States Box & Basket Co. v. White, 296 U.S. 176, 185, 56 S.Ct. 159, 163, 80 L.Ed. 138, 146, a similar attack was made upon a regulation and in answer to it the court said:

"But where the regulation is within the scope of authority legally delegated,

the presumption of the existence of facts justifying its specific exercise attaches alike to statutes, to municipal ordinances, and to orders of administrative bodies."

■ There is nothing unreasonable about the Department's regulation as the statute expressly authorizes the Department to regulate "the size or type of any device used for taking, and regulate any method of taking" of fish or wild life. Nor is there any force in the argument that the regulation violates § 59 of our Constitution forbidding the enactment of local or special laws or regulations, and especially of subsection 23 thereof, prohibiting special laws or regulations "To provide for the protection of game and fish." Manifestly, there is reason to put commercial fishermen in a separate class from people who merely fish for sport. Commercial fishermen earn a livelihood by fishing almost daily, while those people fishing for sport do so only occasionally.

■ We have held in many cases that § 59 does not prevent the General Assembly from enacting laws making reasonable classifications, and it is only where the classifications are arbitrary and unreasonable so as to exclude one or more of a class without a reasonable basis that the Act is void. Burrow v. Kapfhammer, 284 Ky. 753, 145 S.W.2d 1067; Meredith v. Ray, 292 Ky. 326, 166 S.W.2d 437; Fraysure v. Kentucky Unemployment Compensation Commission, 305 Ky. 164, 202 S.W.2d 377; Louisville & Jefferson County Metropolitan Sewer Dist. v. Joseph E. Seagram & Sons, 307 Ky. 413, 211 S.W.2d 122, 4 A.L.R. 2d 588. Also see 22 Am.Jur. "Fish & Game", § 35, p. 693, where it is written:

"Within reasonable limits, the legislature may prohibit fishing at certain seasons in particular territories in certain waters, while permitting such fishing in other districts, * * * or it may regulate the manner in which fish shall be caught or taken from certain waters within the state, while permitting other methods in other waters."

■ It is argued that the regulation is local since it only applies to a certain area near the mouth of the Tennessee River. A law is not local or special merely because it does not relate to the whole state or to the general public. If facts reasonably differentiate a class or locality from the general public or the state at large, a legislative act, or regulation of a commission, may relate to that class or to that locality without running afoul of § 59. Young v. Willis, 305 Ky. 201, 203 S.W.2d 5.

What has already been said in this opinion answers appellee's contention that the Legislature cannot do through a state agency that which the Constitution prevents the Legislature from doing. Of course, if this regulation ran afoul of § 59 of the Constitution it would be void. But we have shown it does not contravene this section.

Nothing written here is in conflict with what was said in King v. Com., 194 Ky. 143, 238 S.W. 373, 376, 22 A.L.R. 535 and Ravitz v. Steurele, 257 Ky. 108, 77 S.W.2d 360, cited by appellee. In the King case it was said, "Laws which apply to and operate uniformly upon all members of any class of persons, places, or things, requiring legislation peculiar to themselves in the matters covered by the laws in question, are general and not special." The Ravitz opinion is to the same effect.

It is provided in KRS 13.080(2) that "regulation" includes every rule or regulation made by any state agency, except a rule, regulation or order which "(b) Is directed to a specifically named person or to a group of persons, and does not apply generally throughout the state". Appellee insists that under this section this regulation cannot be effective because it does not apply generally throughout the state, and in reality it is no regulation at all. Whether this is a "regulation" within the meaning of KRS 13.080 is unimportant, because the statute relates only to what regulations must be filed; not with what constitutes a valid regulation.

For the reasons given the judgment is reversed for proceedings consistent with this opinion.