**COMMONWEALTH of Kentucky, DEPARTMENT OF CHILD WELFARE, Appellant,**

v.

**William B. LORENZ, Jr., et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 28, 1966.

**700**

Robert Matthews, Atty. Gen., Lloyd R. Cress, Asst. Atty. Gen., Lynn T. Mitchell, Dept. of Child Welfare, Frankfort, for appellant.

Walter B. Smith, Shelbyville, for appellees.

DAVIS, Commissioner.

The Department of Child Welfare (hereinafter Department) appeals from a judgment holding unconstitutional KRS 199.-470(4) and (6) as those sections existed by virtue of legislative enactment by the 1962 General Assembly. (1964 amendments to the sections are not involved upon this appeal.) The trial court held the statutory sections to be unconstitutional on three separate grounds: (1) unwarranted invasion of the judicial power by the executive branch of government; (2) no adequate standards are prescribed as guidelines for the Commissioner of Child Welfare in granting or denying his written consent to adoption; and (3) the legislation is discriminatory. The appellant Department asserts that all of these determinations by the trial court are erroneous; the appellees take the converse view.

On October 3, 1963, appellees, who are husband and wife, made application to the Commissioner of Child Welfare that a then unborn child be placed with them for adoption. This application was made pursuant to the requirement of KRS 199.470(6), which is quoted:

"All persons other than a licensed child-placing agency or institution and the department who wish to place or receive a child shall make written application to the commissioner for permission to place or receive a child. The commissioner shall grant or refuse permission for the applicant to place or receive a child as early as practicable, but in any case the decision shall be made within sixty days after the receipt of the application. In any case where the department refuses to approve the placement of a child for adoption when requested by the parent or parents of the child, or refuses the request of any person or persons that a child be placed with him or them for

adoption, the decision of the department in so refusing shall be final unless within ten days after notice of refusal, the natural or proposed adopting parent or parents shall appeal to the circuit court of the county in which the adoption is proposed; provided, however, that no placement shall be disapproved on the basis of the religious, ethnic, or inter-faith background of the adoptive applicant, if such placement is made with the consent of the parent. The department shall be made a party defendant to the appeal."

On November 22, 1963, the Commissioner of Child Welfare denied the application of appellees, by writing of that date. On December 2, 1963, the present appellees filed in the Jefferson Circuit Court (county of their residence) an appeal from the Commissioner's ruling. In the action so filed, the circuit court held unconstitutional certain sections of the applicable statutes, as noted, and ordered that appellees be permitted to file their petition for adoption, subject to final decision of this court.

To further focus attention upon the issues at hand we quote KRS 199.470(4):

"No petition for adoption shall be filed unless prior to the filing of the petition the child sought to be adopted has been placed for adoption by a licensed child-placing institution or agency or by the department, or the child has been placed with written approval of the commissioner; but no such approval shall be necessary in the case of:

(a) A child sought to be adopted by a stepparent, grandparent, sister, brother, aunt or uncle;

(b) A child received by the proposed adopting parent or parents from an agency without this state with the written consent of the commissioner."

It will be observed that the impact of this 'section is to foreclose the filing of a petition for adoption unless the Commissioner of Child Welfare has given written consent (with exceptions not applicable to these appellees).

The trial court ruled that the Department could present the record upon which the Commissioner had made his decision, but could not introduce any additional evidence. However, the trial court permitted the appellees to present evidence in circuit court looking toward refutation of the record presented by the Department. Our view of the case makes it unnecessary for us to detail the evidence as adduced from the Department's report and the evidence in behalf of appellees. The trial court did not make any finding as to whether the decision of the Commissioner was supported by the record or as to whether it was deemed arbitrary. The decision below was premised on constitutional grounds, which we now consider.

The first basis for the lower court's ruling was his adjudication that KRS 199.470(4) provides an unconstitutional invasion of the judicial power, thus running afoul of Kentucky Constitution Sections 27 and 28. We cannot accept this view. The right of adoption is a statutory right; there has never been any inherent judicial power to permit adoption independently of enabling legislation. Villier v. Watson, 168 Ky. 631, 182 S.W. 869, L.R.A.1918A, 820; 2 Am.Jur.2d Adoption, Sec. 2, p. 861. Therefore, the legislative branch of government has the prerogative to fix the statutory processes for adoption. Among the salient features of the adoptive process, as prescribed by legislation, are court review and judgment. The limits of the court review are appropriately fixed by statute. There is no constitutional invasion of judicial power in requiring written approval of placement for adoption as a condition precedent to filing a petition for adoption in court. Especially is this true when the very statute specifies a judicial review of the propriety of the Commissioner's withholding of consent for placement for adoption. Each

**702**

of the litigants relies on American Beauty Homes Corporation v. Louisville and Jefferson County Planning and Zoning Commission, Ky., 379 S.W.2d 450, and Board of Education of Ashland School Dist. v. Chattin, Ky., 376 S.W.2d 693. It is our view that these decisions teach that no constitutional principle precludes the administrative procedures, reviewable by the courts, which are established in KRS 199.-470(6). On the contrary, the judicial review of administrative action within the limits iterated in the cited cases assures *the constitutionality of the procedure.*

 Neither do we regard the legislation at hand as unconstitutional for failure to prescribe adequate standards by which the Commissioner of Child Welfare shall decide whether to grant or deny approval for placement for adoption. The views of this court in this field have been fully stated in Butler v. United Cerebral Palsy of Northern Kentucky, Inc., Ky., 352 S.W.2d 203, and Commonwealth v. Associated Industries of Ky., Ky., 370 S.W.2d 584. We hold that the principles enunciated there rule the case at bar on the question under consideration.

 Finally, the statute was deemed unconstitutional by the trial court because of improper classification. It is noted that certain relatives and welfare agencies are not required to obtain the written consent of the Commissioner for placement for adoption as a condition precedent to filing a petition for adoption. We have said that "[I]f any possible reasonable basis can be conceived to justify the classification, then it should be upheld." See Markendorf v. Friedman, 280 Ky. 484, 133 S.W.2d 516, 519, 127 A.L.R. 416. In Meredith v. Ray, 292 Ky. 326, 166 S.W.2d 437, upholding a classification defining a "dependent child," among other things, as one " * * * living with his father, mother * * * " and certain other named relatives, this court said that the purpose of the classification may have been to pre-

serve and encourage the unity of the family. It is patent, we feel, that the classification provided in the instant legislation is reasonable. See 5 Ky. Digest, Constitutional Law, ⬅208(1) et seq.

Since the trial court deemed the statute unconstitutional, there was no adjudication below as to whether the refusal of approval was arbitrary. In view of the nature of this proceeding, it would be unrealistic to remand for a determination of the propriety of the Commissioner's action in 1963. The child has been with the appellees during the interim; changes in conditions and demonstration of fitness may impel a different administrative finding. Fundamentally the best interests of the child must fashion the ultimate determination of whether the Commissioner should grant or deny approval for placement for adoption. This sensitive question should be determined in light of the present conditions.

The judgment is reversed with directions to enter a new judgment remanding the matter to the Department for a new determination, based on present circumstances, as to the granting or denying of permission for placement for adoption.